IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., | No. C-04-3923 MMC |
| Plaintiff, | **ORDER GRANTING MAGMA'S MOTION TO DISMISS THIRD CAUSE OF ACTION AND TO STRIKE; VACATING HEARING** |
| v. | |
| MAGMA DESIGN AUTOMATION, INC., | (Docket No. 188) |
| Defendant. | |

Before the Court is the motion filed June 21, 2005 by defendant Magma Design Automation, Inc. ("Magma") to dismiss the third cause of action, for fraud, asserted in plaintiff Synopsys, Inc.'s ("Synopsys") Second Amended Complaint, and to strike various paragraphs from that complaint, pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure. Synopsys has filed opposition to the motion, to which Magma has replied. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), and hereby VACATES the July 29, 2005 hearing on the motion. For the reasons set forth below, the motion is GRANTED.

## BACKGROUND

Synopsys alleges that Magma infringes three patents: United States Patents Nos.

6,378,114 ("the '114 patent"), entitled "Method for the Physical Placement of an Integrated Circuit Adaptive to Netlist Changes"; 6,453,446 ("the '446 patent"), entitled "Timing Closure Methodology"; and 6,725,438 ("the '438 patent"), which also is entitled "Timing Closure Methodology." (See Second Amended Complaint ("SAC") ¶¶ 92-102.) In the '114 patent, Lukas van Ginneken ("van Ginneken") is identified as a co-inventor, and in the '446 and '438 patents, van Ginneken is identified as the sole inventor. (See id. Exs. H, I, and J at 1.) The '114 patent, on its face, identifies Synopsys as the assignee. (See id. Ex. J at 1.) The '446 and '438 patents, however, identify Magma as the assignee. (See id. Exs. H and I at 1.) Synopsys alleges that it is the rightful owner of all three patents as a result of a Proprietary Information and Inventions Agreement ("Agreement") that van Ginneken, a former employee of Synopsys, entered into with Synopsys on May 17, 1995. (See id. ¶¶ 10-18, 96-97.) Synopsys further alleges that Magma misappropriated technology originally conceived at Synopsys, through the acts of van Ginneken, a founder of Magma and former employee of Synopsys.[1] (See, e.g., id. ¶¶ 6, 40-48.) In its Second Amended Complaint, Synopsys asserts causes of action against Magma for patent infringement, inducing breach of contract/interference with contractual relations, fraud, conversion, unjust enrichment/constructive trust/quasi-contract, and unfair competition.

## LEGAL STANDARD

### A. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) cannot be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

---

[1] Although Synopsys asserted claims against van Ginneken in its First Amended Complaint, those claims were voluntarily dismissed by Synopsys on April 11, 2005. (See Docket No. 89.)

2

Generally, a district court, in ruling on a Rule 12(b)(6) motion, may not consider any material beyond the pleadings. See Hal Roach Studios, Inc. v. Richard Feiner And Co., Inc., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). Material that is properly submitted as part of the complaint, however, may be considered. See id. Documents whose contents are alleged in the complaint, and whose authenticity no party questions, but which are not physically attached to the pleading, also may be considered. See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994). In addition, the Court may consider any document "the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies," regardless of whether the document is referred to in the complaint. See Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998). Finally, the Court may consider matters that are subject to judicial notice. See Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

In analyzing a motion to dismiss, the Court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). The Court may disregard factual allegations if such allegations are contradicted by the facts established by reference to exhibits attached to the complaint. See Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). Conclusory allegations, unsupported by the facts alleged, need not be accepted as true. See Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).

**B. Motion to Strike**

Rule 12(f) of the Federal Rules of Civil Procedure authorizes the Court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." See Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (citation omitted), rev. on other grounds, 510 U.S. 517 (1994).

**DISCUSSION**

**A. Motion to Dismiss**

Magma moves to dismiss Synopsys's third cause of action, for fraud, to the extent it is based on misrepresentations made in two 1998 meetings with Magma and in an April 30, 1998 letter from Magma to Synopsys, on the ground that Synopsys has failed to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure, and that Synopsys cannot show reliance on the April 30, 1998 letter.[2]

The Court previously dismissed the fraud claim, to the extent such claim was based on a 1998 meeting between Synopsys and Magma, because Synopsys failed to adequately allege "the date of the meeting, the persons who attended the meeting, where the meeting took place, the precise misrepresentations made by Magma personnel at that meeting, and why those statements were false when made." (See Order Granting in Part and Denying in Part Magma's Motion to Dismiss, filed May 18, 1005, at 13.)

"The elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal. 4th 979, 990 (2004). Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." See Fed. R. Civ. P. 9(b). To comply with Rule 9(b), a plaintiff must plead evidentiary facts of the time and place of the fraud, the persons involved, the statements made, and an explanation of why or how such statements are false or misleading. See In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547-48 and n.7 (9th Cir. 1994) (en banc).

Synopsys has amended its fraud claim in significant ways. Synopsys now alleges that two meetings took place between it and Magma in 1998. (See Motion Ex. 1 (Redline version of Second Amended Complaint) ¶¶ 63, 65.) As to the date of the first meeting,

---

[2] Magma does not challenge the fraud claim to the extent it is based on alleged misrepresentations made to Synopsys in an August 18, 1997 letter.

Synopsys now alleges that it took place "in or about February of 1998," rather than at an unspecified date in 1998 as alleged in the prior complaint. (See id. ¶ 63.) In addition, Synopsys now alleges that the persons who attended the meeting included "at least" Rajeev Madhavan ("Madhavan") and Robert Smith on behalf of Magma, and "at least" Aart de Geus, Raul Camposano, and Robert Dahlberg on behalf of Synopsys. (See id.) Synopsys further alleges that the meeting took place at Magma's offices. (See id.) Synopsys now attributes the alleged misrepresentations specifically to Madhavan, rather than generally to Magma. (See id. ¶ 64.) Consequently, Synopsys has adequately alleged the date and location of the meeting, the participants, and the person who made the alleged misrepresentations.

Synopsys has not, however, adequately alleged the content of the alleged misrepresentation. Synopsys alleges that, at the February 1998 meeting, Madhavan represented "that Magma had come up with a technology that would be able to guarantee timing closure and that this technology was developed by Magma." (See id. ¶ 64) Synopsys contends that this statement was false because Magma's technology was actually conceived at Synopsys. (See id.) The Court agrees with Magma that Synopsys's allegation as to Madhavan's misrepresentation is too vague to permit any inference that he was referring to technology that had been misappropriated from Synopsys. Synopsys fails to allege precisely what Madhavan said about the technology, and why Synopsys understands such statement(s) to refer to technology misappropriated from Synopsys, rather than to technology developed elsewhere.

All allegations with respect to the second meeting appear for the first time in the Second Amended Complaint. Synopsys alleges that on April 30, 1998, Magma held another meeting with Synopsys at Magma's offices, which was attended by "at least" Madhavan and van Ginneken on behalf of Magma, and "at least" Rich Goldman ("Goldman") and Priti Vijayvargiya on behalf of Synopsys. (See id. ¶ 65.) According to Synopsys, this meeting was devoted to "a brief presentation by Synopsys of its In-Sync program, and there was no description at any time by Magma of fixed timing or gain-based

5

synthesis or the manner in which Magma came into possession of the inventions that were utilized in its products." (See id.) As there is no allegation that Magma made any misrepresentations at the April 30, 1998 meeting, Synopsys has not stated a fraud claim based on statements made at said meeting.

Synopsys further alleges that Madhavan "directed the sending of an April 30, 1998 letter to Goldman purporting to 'confirm' the subjects discussed" during the April 30, 1998 meeting. (See id. ¶ 66.) In that letter, Synopsys alleges, Magma falsely stated "that there had been discussion at the meeting of Magma's 'patent pending approach' for place and route, as well as 'Magma's proposed interfaces' and 'Magma's product positioning and product plans'" when, in fact, there had been no such discussion of these subjects at the meeting. (See id.) Synopsys alleges that "this fraudulent letter was sent in order to create a false record that Magma had 'disclosed' the details of its technology, so that if Synopsys ever discovered the truth about Magma's illegal conduct, Magma would be able to use the letter as proof that Synopsys had waived its rights." (See id.)

Magma argues that Synopsys cannot demonstrate reliance on this letter because Synopsys was present at the meeting purportedly summarized in the letter. As noted, justifiable reliance is an element of a claim for fraud. See Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal. 4th at 990. A plaintiff adequately alleges justifiable reliance by alleging "circumstances were such to make it reasonable for plaintiff to accept defendant's statements without an independent inquiry or investigation." See Wilhelm v. Pray, Price, Williams & Russell, 186 Cal. App. 3d 1324, 1332 (1986). As Synopsys was present at the meeting purportedly summarized in the April 30, 1998 letter, it cannot show it justifiably relied on the letter to its detriment.

Accordingly, the Court will GRANT Magma's motion to dismiss Synopsys's fraud claim, to the extent such claim is based on the 1998 meetings and April 30, 1998 letter. As Synopsys may be able to allege in more detail the purported misrepresentations made in the February 1998 meeting, the Court will afford Synopsys an opportunity to amend those allegations. As Synopsys has alleged no misrepresentation by Magma during the April 30,

6

1998 meeting, and Synopsys cannot show reliance on Magma's statements in the April 30, 1998 letter, the Court will dismiss the fraud claim based thereon with prejudice.

### B. Motion to Strike

Magma moves to strike various paragraphs of the Second Amended Complaint as well as changes to the titles of certain causes of action, on the ground they were added to the complaint without the Court's permission. In particular, Magma moves to strike paragraphs 29, 42-44, 48, 57, 70, 78, 84-90, 103-113, and 137-140 of the Second Amended Complaint, and the additions to the titles of the Second and Fifth Causes of Action.

In the Court's May 18, 2005 order granting in part and denying in part Magma's motion to dismiss the First Amended Complaint, the Court granted the motion to dismiss only as to the fraud claim, and only to the extent it was based on statements made at a 1998 meeting between Magma and Synopsys. Specifically, the Court ordered:

> 3. Magma's motion to dismiss the fraud claim, to the extent it is based on statements made at a 1998 meeting with Synopsys, is GRANTED, and such claim is DISMISSED, with leave to amend.
>
> 4. Synopsys shall file an amended complaint within 20 days of the date of this order. If Synopsys fails to timely file an amended complaint, its fraud claim, to the extent such claim is based on statements made at the 1998 meeting, will be dismissed with prejudice.

(See Order Granting in Part and Denying in Part Magma's Motion to Dismiss, filed May 18, 2005, at 14.)

Magma correctly interprets the Court's order as permitting Synopsys to amend only its fraud claim, and only to the extent the fraud claim is based on statements made at a 1998 meeting with Magma. The Court did not grant Synopsys permission to add any other allegations to the complaint, and, indeed, Synopsys requested leave to amend only with respect to its fraud claim, and only to the extent that claim was based on a 1998 meeting. (See Plaintiff Synopsys, Inc.'s Opposition to Defendant Magma Design Automation, Inc.'s Motion to Dismiss the Third, Fourth, Fifth, Sixth and Seventh Causes of Action, filed May 2, 2005, at 25 ("Even if the allegations regarding the 1998 meeting are stricken, which is the

most Magma is entitled to, Synopsys should be granted an opportunity to replead."))

     Where, as here, the complaint has already been amended at least once, the plaintiff may amend the complaint "only by leave of court or by written consent of the adverse party."  See Fed. R. Civ. P. 15(a).  Synopsys did not seek leave of court, or obtain Magma's consent, to amend any allegations of the complaint other than those relating to the 1998 meetings with Magma.  Although Synopsys is correct that leave to amend "shall be freely given when justice so requires," see Fed. R. Civ. P. 15(a), Rule 15 does not grant Synopsys the right to amend its complaint without first seeking permission from the Court or a stipulation from the opposing party.

     Accordingly, the Court will GRANT Magma's motion to strike all new allegations in the Second Amended Complaint that are not related to a fraud claim based on meetings with Magma in 1998.  Having reviewed the Second Amended Complaint, the Court finds the following paragraphs contain amendments that do not relate to any such claim and, accordingly, the amendments to said paragraphs, specifically, to paragraphs 29, 42-44, 48, 57, 70, 78, 84-90, 103-113, and 137-140, will be stricken along with the changes to the titles of the Second and Fifth Causes of Action.

## CONCLUSION

For the reasons set forth above,

1. Magma's motion to dismiss Synopsys's third cause of action, for fraud, is hereby GRANTED to the extent such claim is based on statements made during 1998 meetings with Magma and in an April 30, 1998 letter from Magma.  To the extent such claim is based on misrepresentations made during a February 1998 meeting with Magma, the claim is DISMISSED with leave to amend; to the extent such claim is based on misrepresentations made during an April 30, 1998 meeting with Magma and an April 30, 1998 letter from Magma to Synopsys, the claim is DISMISSED with prejudice.

2. Magma's motion to strike is hereby GRANTED.  The following paragraphs of the Second Amended Complaint contain amendments that were made without permission of the Court and such amendments, specifically, to paragraphs 29, 42-44, 48, 57, 70, 78, 84-

90, 103-113, and 137-140, are hereby STRICKEN; for the same reason, the changes to the titles of the Second and Fifth Causes of Action are hereby STRICKEN.

      3. Synopsys shall file any amended complaint within 20 days of the date of this order. Synopsys may amend only its allegations of misrepresentations made during a February 1998 meeting with Magma. Any amended complaint shall not contain any language contained in the Second Amended Complaint that was stricken pursuant to this order. If Synopsys fails to timely file an amended complaint, its fraud claim, to the extent such claim is based on statements made at a February 1998 meeting with Magma, will be dismissed with prejudice.

      This order terminates Docket No. 188.

**IT IS SO ORDERED.**

Dated: July 15, 2005

/s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge