IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., | No. C-04-3923 MMC |
| Plaintiff, | **ORDER GRANTING SYNOPSYS'S MOTION FOR A TEMPORARY RESTRAINING ORDER** |
| v. | |
| MAGMA DESIGN AUTOMATION, INC., | (Docket No. 394) |
| Defendant. | |
| _____ / | |

  Before the Court is the motion filed August 25, 2005 by plaintiff Synopsys, Inc. ("Synopsys") for a temporary restraining order, by which motion Synopsys seeks to restrain defendant Magma Design Automation, Inc. ("Magma") from abandoning or dedicating to the public, or seeking reexamination of, United States Patents Nos. 6,453,446 ("the '446 Patent") and 6,725,438 ("the '438 Patent"). Although Magma is the owner of record of the two patents, Synopsys contends that Synopsys is actually the true owner of the patents. The matter came on for hearing August 29, 2005, Chris Scott Graham of Dechert LLP appearing on behalf of Synopsys and George A. Riley of O'Melveny & Myers LLP appearing on behalf of Magma.

  Magma has agreed to pay the maintenance fee that is currently due for the '446 patent and, further, has agreed not to take steps to dedicate, abandon, or destroy the

above-cited patents. (See Motion at 2:24-26; Opp. at 1:14-18, 3:20-21.) Consequently, as clarified at the August 29, 2005 hearing, the remaining dispute concerns whether Magma should be enjoined from seeking reexamination of the '446 and '438 patents.[1]

In order to obtain a temporary restraining order, Synopsys must show "either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in favor of the moving party." See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 839-40 and n.7 (9th Cir. 2001).

At this stage of the proceedings, the Court is unable to determine the probability of success on the merits of Synopsys's claim that it owns the patents. It is clear, however, that serious questions have been raised, particularly in light of (1) the Proprietary Information and Inventions Agreement, dated May 17, 1995, between Synopsys and Lukas van Ginneken ("van Ginneken"), the inventor of the '446 and '438 patents, by which van Ginneken agreed to assign to Synopsys all inventions he developed during his employment with Synopsys; and (2) van Ginneken's declaration that the '446 and '438 patents disclose inventions that he conceived while employed at Synopsys. (See van Ginneken Decl., filed April 11, 2005, ¶¶ 44-45 and Ex. 1.)

As to the balance of hardships, the primary harm Synopsys would suffer were the Court to deny the instant motion is that Synopsys likely would be precluded from participating in any reexamination initiated by Magma. By statute, reexamination proceedings are conducted by the Patent and Trademark Office ("PTO"), the patent owner, and the person seeking reexamination. See 35 U.S.C. § 305. As Magma is the patent owner of record, Synopsys likely would be excluded from the proceedings, despite its claim of ownership of the patents. Indeed, the PTO has previously indicated an unwillingness to become involved in the ownership dispute between Synopsys and Magma, or to allow

---

[1] Magma confirmed at the hearing that it has immediate plans to seek reexamination of both patents. Additionally, Magma currently is prosecuting three continuation applications, which applications are not the subject of the instant motion.

Synopsys to participate in the prosecution of the continuation applications. (See Edelman Decl., filed July 29, 1995, Ex. R (April 27, 2005 order dismissing Synopsys's petition to suspend prosecution of United States Patent Application No. 10/828,547 pending resolution of ownership dispute between Synopsys and Magma).) Magma, for its part, asserts that the requested relief will preclude it from seeking to narrow the patent claims, in an effort to avoid a future defense of invalidity; Magma also expresses a concern with respect to its ability to comply with its statutory and ethical obligations to the PTO. Magma, however, has set forth these considerations in relatively general terms. As a result, the Court is unable at this time to fully ascertain their weight in the balance.

The Court recognizes issuance of a temporary restraining order against Magma would not ensure that reexamination would not occur pending determination of Synopsys's ownership rights in the patents. Pursuant to 35 U.S.C. § 303, the PTO may initiate reexamination sua sponte. At the hearing, Magma represented that it intends to submit prior art to the PTO in the context of prosecuting the above-referenced continuation applications. Although, as Magma concedes, it has no statutory obligation to seek reexamination of the '446 and '438 patents themselves, Magma's act of bringing such prior art to the attention of the PTO in the context of the continuation applications may trigger sua sponte reexamination of those patents by the PTO. In addition, as Magma noted at the hearing, other persons or entities may decide to seek reexamination in light of the Court's recent construction of certain of the claims of the '446 and '438 patents. Any temporary restraining order the Court might issue against Magma would not preclude the PTO or such other parties from initiating reexamination, and, as noted, it is likely that any such reexamination would proceed without Synopsys's participation, unless and until the Court were to issue judgment in Synopsys's favor on the issue of ownership.[2] Nevertheless, although the harm Synopsys seeks to prevent may occur even if the Court issues a

---

[2] Although the parties have sought summary adjudication of a number of issues, neither party has done so with respect to the issue of ownership. If the issue does not lend itself to pretrial adjudication, the Court will consider the feasibility of conducting a separate trial thereon.

3

temporary restraining order, the Court finds, on the record before it, that Synopsys has demonstrated the balance of hardships tips sufficiently in its favor.

Finally, the Court notes that in deciding whether to issue an injunction, the Court also must consider, where applicable, "advancement of the public interest." See Johnson v. California State Board of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (noting "traditional equitable criteria" for preliminary injunctive relief includes, in certain cases, "advancement of the public interest").  As the Federal Circuit has observed, "[t]he public interest lies in having valid patents upheld and invalid patents rendered invalid, and hence patents should be reexamined when a substantial question of patentability is raised." See In re Baker Hughes Inc., 215 F.3d 1297, 1302 (Fed. Cir. 2000.)  Regardless of who initiates a reexamination, "the PTO is charged with making an independent determination concerning the patentability of inventions." See id.  Consequently, the public interest weighs in favor of permitting reexamination where a question of validity exists.  The relief sought by the instant motion, however, is of relatively short duration, specifically, pending the October 28, 2005 hearing on Synopsys's motion for a preliminary injunction.  Magma has not shown how preservation of the status quo for this brief period of time will affect the public interest in any appreciable manner.

Accordingly, for the reasons stated above, Synopsys's motion for a temporary restraining order is hereby GRANTED, as set forth in a separate order filed concurrently herewith.

This order terminates Docket No. 394.

**IT IS SO ORDERED.**

Dated: August 30, 2005

MAXINE M. CHESNEY
United States District Judge