United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., <br><br>         Plaintiff, <br><br>   v. <br><br> MAGMA DESIGN AUTOMATION, INC., <br><br>         Defendant. <br> _____/ | No. C-04-3923 MMC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART SYNOPSYS'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES AND TO DISMISS CERTAIN COUNTERCLAIMS; VACATING HEARING** <br><br> (Docket No. 415) |

   Before the Court is plaintiff Synopsys, Inc.'s ("Synopsys") motion, filed September 22, 2005, to strike defendant Magma Design Automation, Inc.'s ("Magma") third, eleventh, twelfth, thirteenth, fourteenth, eighteenth, nineteenth, twentieth, twenty-first, twenty-sixth, and twenty-ninth affirmative defenses, and to dismiss Magma's second, fourth, sixth, eighth, tenth, and twelfth counterclaims from Magma's Answer to Synopsys, Inc.'s Third Amended Complaint and Counterclaims ("TAC Answer"), on the ground that Magma improperly added said defenses and counterclaims to its answer without first seeking leave to do so.  Magma has filed opposition to the motion, to which Synopsys has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, see Civil L. R. 7-1(b), and hereby VACATES the October 28, 2005 hearing on the matter.

**BACKGROUND**

Synopsys filed its initial complaint in this action on September 17, 2004, asserting a single claim against Magma for infringement of United States Patents Nos. 6,378,114 ("the '114 patent"), 6,453,446 ("the '446 patent"), and 6,725,438 ("the '438 patent"). On October 21, 2004, Magma answered the complaint. After Synopsys filed a motion to strike various affirmative defenses and counterclaims, Magma filed an amended answer on November 24, 2004 ("Amended Answer").

Thereafter, Synopsys filed a motion to strike various affirmative defenses and to dismiss one of the counterclaims asserted in Magma's amended answer, and a separate motion to dismiss another counterclaim. In an order filed January 20, 2005 ("January 20 Order"), the Court struck the eleventh and sixteenth affirmative defenses, and otherwise denied the motions. In the eleventh and sixteenth affirmative defenses, Magma purported to reserve the right to contend that the '446 and '438 patents, respectively, were invalid and/or unenforceable if the Court ultimately found that Magma did not own those patents and if Magma discovered facts suggesting that either of the patents was invalid or unenforceable. The Court found the eleventh and sixteenth affirmative defenses did not actually assert defenses but, rather, served as "placeholders for affirmative defenses that Magma may or may not seek to assert in the future." (See January 20 Order at 8.) The Court ordered that "[i]f Magma eventually decides that it wishes to allege that the '446 and/or '438 patent is invalid and/or unenforceable, it must move to amend its answer at that time." (See id.)

In the parties' joint case management statement, filed January 11, 2005, prior to the Court's ruling on Synopsys's motions to strike and to dismiss, Magma stated that it intended to file a motion to amend its amended answer to assert one or more counterclaims for correction of inventorship. At the January 21, 2005 case management conference, and in the Pretrial Preparation Order filed January 25, 2005, the Court ordered that the "[d]eadline to file any motions to amend" was "60 days from January 21, 2005." (See Pretrial Preparation Order at 2.)

1      Magma did not file a motion to amend its answer.  Synopsys, however, filed a First
2 Amended Complaint on March 17, 2005, by stipulation of the parties, in which it added
3 Lukas van Ginneken as a defendant, and added six new causes of action against van
4 Ginneken and/or Magma, under state law, for breach of contract, inducing breach of
5 contract, fraud, conversion, unjust enrichment/constructive trust, and unfair competition.
6      Thereafter, Magma filed a motion to dismiss.  In an order filed May 18, 2005, the
7 Court granted the motion to dismiss solely as to Synopsys's fraud claim, and only to the
8 extent the fraud claim was based on statements made at a 1998 meeting, and afforded
9 Synopsys leave to amend its allegations to cure the deficiencies noted.
10     On June 7, 2005, Synopsys filed a Second Amended Complaint.  On June 21, 2005,
11 Magma filed a motion to dismiss the fraud claim, and to strike various paragraphs from the
12 complaint, on the ground the new paragraphs did not relate to the fraud claim  the Court
13 had granted Synopsys leave to amend.  In an order filed July 15, 2005, the Court granted
14 the motion to dismiss, with leave to amend, and granted the motion to strike, finding
15 Synopsys had improperly added allegations to the complaint without first obtaining leave of
16 court.
17     On August 3, 2005, the parties filed a stipulation permitting Synopsys to file a Third
18 Amended Complaint containing all of the allegations that Magma had successfully moved
19 to strike.  On that same date, Synopsys filed its Third Amended Complaint.
20     On August 23, 2005, the Court issued an order construing the disputed claims of the
21 three patents at issue.
22     On September 2, 2005, Magma filed its answer to the Third Amended Complaint,
23 including therein various new affirmative defenses and counterclaims not previously
24 asserted in the amended answer it had filed on November 24, 2004.
25     Synopsys now moves to strike the third, eleventh, twelfth, thirteenth, fourteenth,
26 eighteenth, nineteenth, twentieth, twenty-first, twenty-sixth, and twenty-ninth affirmative
27 defenses, and to dismiss Magma's second, fourth, sixth, eighth, tenth, and twelfth
28 counterclaims, on the ground that Magma improperly added said defenses and

counterclaims to its answer without first seeking leave of court.

## DISCUSSION

### A. Statute of Limitations Affirmative Defense

Magma's third affirmative defense, that Synopsys's claims are barred by the statute of limitations, (see TAC Answer ¶ 147), is a new defense that was not previously asserted in Magma's Amended Answer. The parties dispute whether Magma was required to seek leave of court before asserting this new defense. Magma argues that because Synopsys filed a new complaint, Magma was entitled to file an entirely new answer including any new affirmative defenses or counterclaims it wished to assert. Synopsys contends that Magma was limited to making amendments to its answer in response to Synopsys's amendments to its complaint, and that if Magma wished to make any other amendments, it was required to obtain leave to do so.

Rule 15(a) provides that once an answer has been amended, a party may make further amendments "only by leave of court or by written consent of the adverse party." See Fed. R. Civ. P. 15(a). Rule 15(a) also provides that when an amended complaint is filed, a party "shall plead in response to" the amended pleading, and thus requires the filing of a new answer in response to an amended complaint. See Fed. R. Civ. P. 15(a). Rule 15 does not directly address when new affirmative defenses or counterclaims may be included in an answer to an amended complaint, and the Court has not located an opinion by the Ninth Circuit or, for that matter, any other circuit, addressing the issue.

To the extent district courts have had occasion to consider and decide the issue, however, this Court agrees with the Eastern District of Virginia that an answer containing new defenses or counterclaims "may be filed without leave only when the amended complaint changes the theory or scope of the case, and then, the breadth of the changes in the amended response must reflect the breadth of the changes in the amended complaint." See Elite Entertainment, Inc. v. Khela Brothers Entertainment, 227 F.R.D. 444, 446-47 (E.D. Va. 2005); see also Wechsler v. Hunt Health Systems, Ltd., 186 F. Supp. 2d 402, 415 (S.D.N.Y. 2002) (holding where defendant asserted new counterclaims and affirmative

defenses that were not in response to amendments in amended complaint, defendant was required to seek leave to include such counterclaims and affirmative defenses in answer to amended complaint); but see Tralon Corp. v. Cedarapids, Inc., 966 F. Supp. 812, 832 (N.D. Iowa 1997) (finding defendant was entitled to "completely plead anew" in response to amended complaint that expanded scope of litigation).  Consequently, where an amended complaint does not "expand the scope or theory of the case, defendants are not entitled to raise without cause additional claims they failed to raise previously or to expand the scope of the case."  See Elite Entertainment, 227 F.R.D. at 447; see also James W. Moore, 3 Moore's Federal Practice § 15.17[6] (3d ed. 2005) ("If an amended pleading does not change the theory or scope of the plaintiff's allegations, as is usually the situation, a defendant must obtain leave of court pursuant to Rule 15 before it may amend its answer to assert a counterclaim.").

Here, the scope of the complaint has changed significantly since Magma filed its previous answer.  In particular, Synopsys now asserts a number of state law claims not asserted in its previous complaint.  Accordingly, Magma is entitled to assert without leave new affirmative defenses, such as the statute of limitations, that may apply to Synopsys's state law claims, and new counterclaims in response to the new state law claims.  See Wechsler, 186 F. Supp. 2d at 415 (holding new counterclaims and affirmative defenses in answer to amended complaint must be in response to amendments to complaint).

Synopsys's additional contention that it has not been put on notice as to the factual and legal bases for Magma's third affirmative defense is unpersuasive in light of the detailed arguments set forth in Magma's Motion For Summary Judgment as to the Second Through Sixth Causes of Action, which motion is based entirely on the argument that said claims are time-barred and which was filed more than two months before the TAC answer. The Ninth Circuit has held that when an answer alleges only that the plaintiff's claims are barred by the statute of limitations, but the defendant had previously served plaintiff with a memorandum setting forth the specific statutes of limitations upon which the defendant relies, the answer is adequately pleaded.  See Wyshak v. City National Bank, 607 F.2d

1  824, 826 (9th Cir. 1979).

2  Accordingly, Synopsys's motion to strike the third affirmative defense will be
3  DENIED.

### B. Invalidity and Unenforceability Affirmative Defenses

Magma's eleventh, twelfth, thirteenth, fourteenth, eighteenth, nineteenth, twentieth, twenty-first, and twenty-ninth affirmative defenses assert various legal bases for finding the '446 and '438 patents invalid or unenforceable.  By including these defenses in its answer without seeking prior leave of court, Magma violated the Court's January 20, 2005 order, in which the Court expressly stated:  "If Magma eventually decides that it wishes to allege that the '446 and/or '438 patent is invalid and/or unenforceable, it must move to amend its answer at that time."  (See id.)

Accordingly, Synopsys's motion to strike the eleventh, twelfth, thirteenth, fourteenth, eighteenth, nineteenth, twentieth, twenty-first, and twenty-ninth affirmative defenses will be GRANTED.

### C. Unclean Hands Affirmative Defense

The remaining affirmative defense challenged by Synopsys is Magma's twenty-sixth affirmative defense, in which Magma contends that "Synopsys's claims are barred by the doctrine of unclean hands because to the extent Synopsys has any valid ownership interest in the '446, '438 and '114 Patents, Synopsys has engaged and continues to engage in conduct intentionally designed to deny IBM its ownership rights in the '446, '438 and '114 Patents."  (See TAC Answer ¶ 172.)

The issue of ownership of the '446, '438 and '114 Patents was raised in Synopsys's initial complaint.  (See Complaint ¶¶ 9-11.)  Indeed, Magma asserted counterclaims in its Amended Answer relating to IBM's purported ownership rights in the patents.  (See Amended Answer ¶¶ 124-128, 145-149, 160-164 (Third, Seventh, and Tenth Counterclaims)).  Consequently, the twenty-sixth affirmative defense cannot be said to have been added to Magma's answer in response to amendments made to later complaints.

1  Accordingly, Synopsys's motion to strike the twenty-sixth affirmative defense will be
2  GRANTED.

### D. Second, Fourth, Sixth, and Tenth Counterclaims

Contrary to Synopsys's contentions, most of the challenged counterclaims were included in Magma's previous answer.  The second, sixth, and tenth counterclaims in the TAC Answer, in which Magma asserts that IBM is a joint owner of the '114, '446, and '438 patents, respectively, appear in the Amended Answer as the third, seventh, and tenth counterclaims.  (Compare TAC Answer ¶¶ 206-210, 227-231, 246-250 with Amended Answer ¶¶ 124-128, 145-149, 160-64.)  Likewise, the fourth counterclaim, in which Magma seeks a declaratory judgment that it is an owner, in whole or in part, of the '446 and '438 patents, appears in the Amended Answer as part of the fifth counterclaim, for a declaratory judgment as to ownership of the patents.  (Compare TAC Answer ¶¶ 216-221 with Amended Answer ¶¶ 134-139.)

Accordingly, Synopsys's motion to strike or dismiss the second, fourth, sixth, and tenth counterclaims will be DENIED.

### E.  Eighth and Twelfth Counterclaims

The only challenged counterclaims in the TAC Answer that are newly asserted are the eighth and twelfth counterclaims, for correction of inventorship of the '446 and '438 patents, respectively.  (See TAC Answer ¶¶ 237-240, 256-259.)  As noted, in the parties' joint case management statement, filed January 11, 2005, Magma stated it intended "to move to amend its amended Answer and Counterclaims to assert one or more counterclaims for correction of inventorship."  (See Joint Case Management Statement at 13.)  Having stated its intention to assert such counterclaims before Synopsys filed its amended complaints, Magma cannot claim such counterclaims are pleaded in response to Synopsys's amendments.

Moreover, the Court, as noted, expressly ordered the parties to file any motion to amend within 60 days of the January 21, 2005 case management conference.  Magma did not do so.

Accordingly, Synopys's motion to strike and/or dismiss the eighth and twelfth counterclaims will be GRANTED.

**F.  Leave To Amend**

Synopsys argues that Magma cannot meet the requirements for leave to amend. Magma, in its opposition, argues to the contrary, but has not filed a cross-motion for leave to amend.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." See Fed. R. Civ. P. 15(a).  Generally, leave to amend a complaint or an answer should be granted with "extreme liberality." See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (discussing amendment of complaint); see also Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (discussing amendment of answer).  In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith or dilatory motive on the part of the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment.  See Eminence Capital, 316 F.3d at 1052 (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); see also Owens, 244 F.3d at 712.

"[T]he consideration of prejudice to the opposing party carries the greatest weight." Eminence Capital, 316 F.3d at 1052.  "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id. (emphasis in original).

The Foman factors at issue herein are undue delay and prejudice.[1]  The Ninth Circuit has held that "delay, by itself, is insufficient to justify denial of leave to amend."  See

---

[1] Synopsys additionally argues, without citation to evidence or relevant legal authority, that the doctrine of assignor estoppel precludes Magma from asserting any invalidity defenses to the '446 and '438 patents, and that amendment of the answer to assert such defenses would be futile.  Magma correctly points out, however, that Synopsys has made no showing that the doctrine of assignor estoppel would bar Magma from asserting such defenses.

8

DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). "The crucial factor is not length of delay, but prejudice." See United States v. Pend Oreille Public Utility District, 926 F.2d 1502, 1511 (9th Cir. 1991).

Synopsys argues that it would suffer prejudice if the Court were to permit Magma to amend its answer to assert its new affirmative defenses and counterclaims because the deadline for completing fact discovery is November 10, 2005 and Synopsys will have little time to conduct the discovery necessary to respond to the new issues raised in Magma's current answer. Synopsys further argues that because Magma prosecuted the '446 and '438 patents, Magma must have known, from the commencement of the instant lawsuit, the factual bases for its new defenses and counterclaims challenging the validity, enforceability, and inventorship of those patents, and thus, from the outset, should have included those matters in its answer.

**1. Invalidity Defenses Based on Claims Construction Order**

Magma argues, without further elaboration, that five of the invalidity defenses (the eleventh, twelfth, eighteenth, nineteenth, and twenty-ninth affirmative defenses) did not arise until the Court included what Magma characterizes as "broad" claim constructions in the Court's August 23, 2005 claims construction order.[2] (See Opp. at 14.) Synopsys does not respond to this argument in its reply.

In sum, Magma has asserted a reason why it could not assert the above-referenced invalidity defenses earlier in the litigation, and Synopsys has not taken issue with Magma's contention that those invalidity defenses did not arise until the issuance of the Court's claim construction order. Although Synopsys may be prejudiced by the assertion of such

---

[2] Magma further argues, citing Exhibit 2 to the Declaration of Peter Obstler, that Synopsys is not prejudiced by its assertion of the invalidity defenses because it provided Synopsys with detailed Preliminary Invalidity Contentions for the '446 and '438 patents on March 21, 2005. The cited exhibit, Exhibit 2, consists of invalidity contentions only with respect to the '114 patent. (See Obstler Decl. Ex. 2.) The Obstler Declaration states, however, that Exhibit 2 consists of Magma's preliminary invalidity contentions for the '446 and '438 patents. (See Obstler Decl. ¶ 13.) As Synopsys, in its reply, does not contend that it did not receive preliminary invalidity contentions with respect to the '446 and '438 patents, it is possible that Magma simply submitted the wrong exhibit in connection with the instant motion.

9

defenses close to the end of discovery, such prejudice could be remedied by an extension of the discovery cutoff.

Accordingly, Synopsys has not demonstrated that Magma has no grounds for obtaining leave to amend its answer to include its new invalidity defenses that are based on the claims construction order.

**2. Other New Defenses and New Counterclaims**

Magma sets forth no argument as to why it could not have asserted earlier in the litigation the remainder of its newly-asserted defenses and counterclaims. Magma argues, however, that Synopsys cannot be prejudiced by Magma's assertion of its unenforceability defenses and its inventorship defenses and counterclaims because each is based on Magma's contention that IBM is a joint owner of the '446 and '438 patents, an issue that has been part of the litigation since Magma filed its original answer on October 21, 2004. (See Answer, filed Oct. 21, 2004, ¶¶ 135-139 (Seventh Counterclaim – IBM's Joint Ownership of the '446 Patent), ¶¶ 155-159 (Eleventh Counterclaim – IBM's Joint Ownership of the '438 Patent)).

In response, Synopsys correctly notes that ownership is not the same as co-inventorship, and states it would be prejudiced by the above-referenced amendments because its discovery has not focused on the issue of inventorship and "depositions have passed in this case without Synopsys having any idea that a declaration of joint inventorship was being sought." (See Reply at 11.) As noted above, Magma first notified the Court, in the parties' joint case management statement, filed January 11, 2005, that it intended to file a motion to amend its amended answer to assert one or more counterclaims for correction of inventorship. Magma has set forth no reason for its failure to do so by the deadline set by the Court at the case management conference.

The Court further notes that Magma alleges, in its new counterclaims for correction of inventorship, that Prabhakar Kudva ("Kudva") and Patrick Groeneveld ("Groeneveld") are co-inventors of the '446 and '438 patents. (See TAC Answer ¶¶ 238-239, 257-258.) Although Kudva is alleged to be an IBM engineer, (see id. ¶ 160(a), Groeneveld is alleged

to be a Magma engineer, (see id. ¶ 188.)  Magma does not explain how its prior assertion that IBM is a co-owner of the '446 and '438 patents would have provided any notice to Synopsys that a Magma engineer is a co-inventor of those patents.

Accordingly, the Court finds that Magma has not set forth any justification for its failure to previously amend its answer to assert any of its new defenses and counterclaims, other than the new invalidity defenses that are based on the claims construction order. Synopsys would be prejudiced in having to complete discovery on these new issues prior to the discovery cutoff and the Court sees no reason to extend the discovery cutoff when Magma has been aware of these issues for nearly a year and failed to move to amend its answer to include those issues before the deadline established by the Court. See Owens, 244 F.3d at 712 (noting "need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend") (internal citation and quotation omitted).

Consequently, Synopsys's motion to strike and/or dismiss the thirteenth, fourteenth, twentieth, twenty-first, and twenty-sixth affirmative defenses and the eighth and twelfth counterclaims will be granted without leave to amend. See, e.g., De Saracho v. Custom Food Machinery, Inc., 206 F.3d 874, 878 (9th Cir. 2000) (internal quotation and citation omitted) (affirming denial of motion to amend answer where defendant filed motion shortly before trial but should have been aware of new defense more than two months earlier; holding "[w]here the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original [pleading], the motion to amend may be denied.").

**CONCLUSION**

For the reasons set forth above, Synopsys's motion is GRANTED in part and DENIED in part, as follows:

1. Synopsys's motion to strike the third affirmative defense is DENIED.

2. Synopsys's motion to strike the eleventh, twelfth, thirteenth, fourteenth, eighteenth, nineteenth, twentieth, twenty-first, twenty-sixth, and twenty-ninth affirmative

11

defenses is GRANTED and said affirmative defenses are STRICKEN.

    3.  Synopsys's motion to strike or dismiss the second, fourth, sixth, and tenth counterclaims is DENIED.

    4.  Synopsys's motion to strike or dismiss the eighth and twelfth counterclaims is GRANTED and said counterclaims are hereby STRICKEN.

    5.  The Court's rulings herein are without prejudice to Magma's filing a motion to amend its answer to include the eleventh, twelfth, eighteenth, nineteenth, and twenty-ninth affirmative defenses only.

**IT IS SO ORDERED.**

Dated: October 19, 2005

MAXINE M. CHESNEY
United States District Judge