1   Chris Scott Graham (State Bar No. 114498) - chris.scott.graham@dechert.com
    Michael Edelman (State Bar No. 172591) - michael.edelman@dechert.com
2   **DECHERT LLP**
3   975 Page Mill Road
    Palo Alto, CA 94304-1013
    Telephone:    650.813.4800
4   Facsimile:    650.813.4848

5   Attorneys for Plaintiff,
    SYNOPSYS, INC.
6

7   GEORGE A. RILEY (S.B. #118304) – griley@omm.com
    MARK E. MILLER (S.B. #130200) – markmiller@omm.com
8   PETER OBSTLER (S.B. #171623) – pobstler@omm.com
    CHRISTOPHER D. CATALANO (S.B. #208606) – ccatalano@omm.com
9   LUANN L. SIMMONS (S.B. #203526) – lsimmons@omm.com
    NORA M. PUCKETT (admitted *pro hac vice*) – npuckett@omm.com
10  O'MELVENY & MYERS LLP
    Embarcadero Center West
11  275 Battery Street
    San Francisco, California  94111-3305
12  Telephone:    415.984.8700
    Facsimile:    415.984.8701

13  Attorneys for Defendant
    MAGMA DESIGN AUTOMATION, INC.
14

15              UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA

17                 SAN FRANCISCO DIVISION

18

19  SYNOPSYS, INC., a Delaware corporation,       Case No.  C-04-03923 MMC (JCS)

20              Plaintiff,                         **STIPULATED PROTECTIVE ORDER**
                                                   **FOR INTEL CONFIDENTIAL**
21      v.                                         **INFORMATION**

22  MAGMA DESIGN AUTOMATION, a
    Delaware corporation,
23
                Defendant.
24

25          IT IS HEREBY ORDERED THAT, Plaintiff SYNOPSYS, INC. ("SYNOPSYS") and

26  Defendant MAGMA DESIGN AUTOMATION, INC. ("MAGMA") and non-party Intel

27  Corporation ("Intel") are to be bound by the following Protective Order for the protection of

28  confidential information, documents, and other things produced, served or otherwise provided in

this action by the parties or by third parties:

A. **Designated Material.**

1.     Information, materials and/or discovery responses may be designated pursuant to this Protective Order by Intel or any party to this action (the "Designating Party") if: (a) produced or served, formally or informally, pursuant to the Federal Rules of Civil Procedure or in response to any other formal or informal discovery request in this action; and/or (b) filed or lodged with the Court. All such information and material and all information or material derived therefrom constitutes "Designated Material," which includes materials designated "INTEL CONFIDENTIAL" and "INTEL ATTORNEYS AND CONSULTANTS ONLY" under this Protective Order. Unless and until otherwise ordered by the Court or agreed to in writing by the parties, all material designated under this Protective Order shall be used only for purposes of this litigation between Synopsys and Magma, and shall not be used or disclosed by the party receiving Designated Material except as provided under the terms of this Protective Order. (For purposes of this Protective Order, "disclose" means to show, furnish, provide, or discuss the contents of, in whole or in part, the original, a copy, or any summaries of the referenced material or document.)

2.     Subject to the limitations set forth in this Protective Order, a designation of "INTEL CONFIDENTIAL" means information other than "INTEL ATTORNEYS AND CONSULTANTS ONLY" information, whether or not embodied in any physical medium, which the Designating Party believes in good faith has competitive value, which is not generally known to others, and which the Designating Party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence. Information may also be designated "INTEL CONFIDENTIAL" if the designating party believes in good faith that the information falls within the right to privacy guaranteed by the laws of the United States and/or California.

3.     Subject to the limitations set forth in this Protective Order, a designation of "INTEL ATTORNEYS AND CONSULTANTS ONLY" means information, whether or not embodied in any physical medium, which the Designating Party believes in good faith has

significant competitive value and which, if disclosed to agents of the receiving party, or to any other person, might cause competitive harm to the Designating Party. Such information must not be generally known to third parties or the public and is limited to information that the Designating Party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence. Information may also be designated "INTEL ATTORNEYS AND CONSULTANTS ONLY" if the designating party believes in good faith that the information is significantly sensitive and protected by the right to privacy guaranteed by the laws of the United States and/or California.

**B.** **Access By Parties.**

1. Materials Designated INTEL CONFIDENTIAL. Materials designated INTEL CONFIDENTIAL ("CONFIDENTIAL INFORMATION") may only be disclosed to:

(a) Persons who appear on the face of Designated Materials marked INTEL CONFIDENTIAL as an author or sole addressee thereof, subject to the disclosure requirements of Section C, and any Outside Counsel of such author or addressee that has become counsel of record through stipulation or order of the Court as set forth in subsection (b) below. Any such review of materials must be in the presence of and under the supervision of Outside Counsel and all originals and any copies of such material shall remain exclusively in the possession of Outside Counsel. Further, any written notes, compilations or reviews of such material made by persons falling under this subsection shall remain in the possession of Outside Counsel;

(b) "Outside Counsel" (which means and is defined as counsel of record, including the partners, associates, agents and employees of counsel of record, except for agents or employees who have been retained or employed by Outside Counsel as experts or consultants to assist in the preparation of this action) for the parties to this action to the extent reasonably necessary to render professional services in this action. Unless otherwise expressly provided through stipulation or order, Outside Counsel shall include only the law firms of Dechert LLP on behalf of SYNOPSYS and O'Melveny & Myers LLP on behalf of MAGMA. Upon the filing of a document associating or substituting counsel in addition to or other than O'Melveny & Myers LLP or Dechert LLP as counsel of record for a party in this action, such counsel shall

also qualify as Outside Counsel under this subsection, provided that any counsel that has withdrawn as counsel of record for any party confirms in writing to all other counsel of record that it is no longer in possession of any Designated Material;

(c)     "In-House Counsel" for MAGMA and SYNOPSYS as necessary in connection with this action and who are assisting Outside Counsel in the preparation of this action, subject to the disclosure requirements of Section C.  Any such review of materials shall be in the offices of Outside Counsel only and copies of such material shall not be taken from Outside Counsel's office.  Further, any notes or compilations or review of such material made by in-house counsel shall remain in the office of Outside Counsel;

(d)     Non-party experts and consultants retained or employed by Outside Counsel to assist in the preparation of this action ("Outside Consultants"), to the extent reasonably necessary to render professional services in this action, subject to the disclosure requirements of Section C;

(e)     The officers and/or employees of MAGMA ("MAGMA Designees"), not to exceed three in number, subject to the disclosure requirements of Section C;

(1)     In the event that a MAGMA Designee ceases to be an officer and/or employee of MAGMA, MAGMA shall so notify Intel and Outside Counsel for SYNOPSYS in writing, identifying, to the extent known, the MAGMA Designee's new employer and professional addresses and/or affiliations and all other present employment and/or consultancies, and shall either: (A) certify that, to the best of MAGMA's knowledge, the departing Designee has not retained any INTEL CONFIDENTIAL materials, and, at MAGMA's option, designate a replacement MAGMA Designee consistent with the provisions of this section; or (B) notify Intel in writing of its intention to continue using the Designee as a consultant, in which case Intel may object to the continued use of the departed Designee under the provision of Section C;

(2)     The officers and/or employees of MAGMA who may review such confidential documents are those whose review is required for the conduct of this litigation. Further, such review shall be in the offices of Outside Counsel only and such documents,

including copies, notes, or compilations of said documents, shall not be removed from Outside Counsel's office.

　　　　(f)　　　The officers and/or employees of SYNOPSYS ("SYNOPSYS Designees") not to exceed three in number, subject to the disclosure requirements of Section C;

　　　　　　　(1)　　In the event that a SYNOPSYS Designee ceases to be an officer and/or employee of SYNOPSYS, it shall so notify Intel and Outside Counsel for MAGMA in writing, identifying, to the extent known, the SYNOPSYS Designee's new employer and professional addresses and/or affiliations and all other present employment and/or consultancies, and shall either: (A) certify that the departing Designee has not retained any INTEL CONFIDENTIAL materials, and at its option designate a replacement SYNOPSYS Designee consistent with the provisions of this section; or (B) notify Intel in writing of its intention to continue using the designee as a consultant, in which case Intel may object to the continued use of the departed Designee under the provisions of Section C;

　　　　　　　(2)　　The officers and/or employees of SYNOPSYS who may review such confidential documents are those whose review is required for the conduct of this litigation.  Further, such review shall be in the offices of Outside Counsel only and such documents, including copies, notes, and compilations of said documents, shall not be removed from Outside Counsel's office.

　　　　(g)　　　Vendors with whom Outside Counsel of record for the parties to this litigation have contracted for purely clerical functions, such as the copying of documents;

　　　　(h)　　　Subject to Sections F(3) and H below, Designated Material marked "INTEL CONFIDENTIAL" may also be shown to deposition or trial witnesses who:  (1) agree in writing to be bound by this Order by signing and undertaking the form of Exhibit A to this Order, or (2) appear on the face of the Designated Material as an author, addressee or recipient of the Designated Material, including any information contained therein, or (3) the examining attorney has a good faith basis to believe was an author, addressee or recipient of the Designated Material, including any information contained therein;

　　　　(i)　　　Any mediator chosen by the parties or the Court, along with necessary

legal, paralegal, and secretarial personnel working under the direction of the mediator, subject to the disclosure requirements of Section C;

(j)     Mock jurors and jury consultants who have been engaged by the parties and/or the consultants in preparation for trial. For any jury research, an appropriate screening process must be used to assure that the jury consultant(s) and mock jurors chosen for any mock jury presentation are not current or former officers, directors, employees or consultants of Intel or of any party or any direct competitors of Intel or of any party. Each jury consultant and/or mock juror must agree in writing to be bound by this Order by signing and undertaking the form of Exhibit A to this Order;

(k)     Other persons, subject to the disclosure requirements of Section C, that the parties agree may be subsequently designated under this Protective Order.

2.     Materials Designated INTEL ATTORNEYS AND CONSULTANTS ONLY. Materials marked "INTEL ATTORNEYS AND CONSULTANTS ONLY" ("INTEL AEO INFORMATION") can only be reviewed by or disclosed to:

(a)     Persons who appear on the face of Designated Materials marked INTEL ATTORNEYS AND CONSULTANTS ONLY as an author or sole addressee thereof, subject to the disclosure requirements of Section C, and any Outside Counsel of such author or addressee that has become counsel of record through stipulation or order of the Court as set forth in subsection (b) below. Any such review of materials must be in the presence of and under the supervision of Outside Counsel and all originals and any copies of such material shall remain exclusively in the possession of Outside Counsel. Further, any written notes, compilations or reviews of such material made by persons falling under this subsection shall remain in the possession of Outside Counsel;

(b)     Outside Counsel for the parties to this action, except that INTEL AEO INFORMATION shall not be disclosed to individuals who are involved in the prosecution of patent applications (before the USPTO or any other Patent Office) relating to EDA software or semiconductor devices or any technology disclosed by INTEL AEO INFORMATION. Further,

Outside Counsel having access to AEO INFORMATION under this Protective Order shall not be permitted to prosecute (before the USPTO or any other Patent Office) patent applications relating to EDA software or X86 microprocessors or any technology disclosed by INTEL AEO INFORMATION, during the pendency of this action and until one year after the conclusion of this action, including appeals.

        (c)     Outside Consultants, to the extent reasonably necessary to render professional services in this action, subject to the disclosure requirements of Section C;

        (d)     Vendors with whom Outside Counsel of record for the parties to this litigation have contracted for purely clerical functions, such as the copying of documents;

        (e)     Subject to Sections F(3) and H below, Designated Material marked "INTEL ATTORNEYS and CONSULTANTS ONLY" may also be shown to deposition or trial witnesses: (1) agree in writing to be bound by this Order by signing and undertaking the form of Exhibit A to this Order, and (2) appear on the face of the Designated Material as an author, addressee or recipient of the Designated Material, including any information contained therein;

        (f)     Any mediator chosen by the parties or the Court, along with necessary legal, paralegal, and secretarial personnel working under the direction of the mediator, subject to the disclosure requirements of Section C;

        (g)     Mock jurors and jury consultants who have been engaged by the parties and/or the consultants in preparation for trial. For any jury research, an appropriate screening process must be used to assure that the jury consultant(s) and mock jurors chosen for any mock jury presentation are not current or former officers, directors, employees or consultants of Intel or of any party or any direct competitors of Intel or of any party. Each jury consultant and/or mock juror must agree in writing to be bound by this Order by signing and undertaking the form of Exhibit A to this Order;

        (h)     Other persons, subject to the disclosure requirements of Section C, that the parties agree may be subsequently designated under this Protective Order.

3.     All counsel for the parties who have access to information or material designated as Designated Material under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of the court for purposes of enforcing this Order.

## C.     Undertaking of Confidentiality and Disclosure Requirements.

1.     No information or materials designated under this Protective Order as INTEL CONFIDENTIAL or INTEL ATTORNEYS AND CONSULTANTS ONLY may be disclosed to any individual designated under Paragraphs B.1(a), B.1(c)-(f), B.1(i), B.1(k), B.2(a), B.2(c), B.2(f) or B.2(h) ("Selected Individual") until all of the following pre-conditions have been met:

(a)     No Intel Designated Material may be disclosed until after seven (7) business days from receipt by Outside Counsel for the Designating Party of a written notice stating:  the full name, address, current employer, and curriculum vitae (if an Outside Consultant) of the Selected Individual; any known former, present or anticipated future relationships between the Selected Individual and any party to this action; legal consultancies or testimony provided by the Selected Individual during the previous five years; and any of the Selected Individual's present consultancies in the EDA or microprocessor field.  The disclosure as to said consultancies shall identify the attorney, law firm, and client involved.

(b)     Failure by Outside Counsel for the Designating Party to object to disclosure to the Selected Individual within seven (7) business days from receipt of the written notification required by Section C.1.(a) above shall be deemed approval, but shall not preclude a party from objecting to continued access of Designated Material by the person where facts suggesting that basis for objection are subsequently learned by the party or its counsel.  If a written notice of objection is provided, no Designated Materials shall be disclosed to the Selected Individual until the objection is resolved by an order of the Court or by an agreement among the parties.  The parties shall attempt to resolve any objections informally, and approval by the Designating Party shall not be unreasonably withheld.  If the objections cannot be resolved, the objecting party must, to preserve its objections, move within fifteen (15) business days following its objection for a protective order preventing disclosure of INTEL CONFIDENTIAL or INTEL ATTORNEYS AND CONSULTANTS ONLY materials to the

Selected Individual. If the objecting party fails to seek a protective order within that time, the objection shall be deemed waived and Designated Materials may be disclosed to the Selected Individual subject to this Protective Order. In the event that such a motion is made, the party seeking to prohibit disclosure shall bear the burden of proving that the disclosure is inappropriate. Until the Court has ruled on the objecting party's motion, an opposing party's Designated Materials shall not be disclosed to the Selected Individual. Without modifying any obligations under the Federal Rules of Civil Procedure, the parties shall not have any obligation under this Protective Order to identify which materials are provided to Selected Individuals.

(c)     Each Selected Individual to whom any Designated Material may be disclosed pursuant to the provisions in this Protective Order shall, prior to the time such Designated Material is disclosed to him or her, be provided with a copy of this Protective Order and shall certify under penalty of perjury that he or she has carefully read the Protective Order and fully understands its terms and agrees to be bound thereby. This certificate shall be in the form attached as Exhibit A hereto. Outside Counsel who make any disclosure of Designated Materials shall retain each original executed certificate and, upon written request, shall circulate copies to all Outside Counsel at the termination of this action.

2.     In addition to the foregoing, each Outside Consultant to whom any Designated Material will be disclosed shall, prior to disclosure of such material, execute the Certification of Consultant in the form attached as Exhibit B hereto. Upon receipt of this Certification of Consultant by counsel for the party retaining the Consultant, disclosure of such Designated Material may be made to the Outside Consultant without notification to the Designating Party or any other party to this action, subject to the provisions of Section C.1 above. Outside Counsel who make any disclosure of Designated Materials shall retain each original executed Certification of Consultant and, upon written request, shall circulate copies to all Outside Counsel at the termination of this action.

**D.     Use Of Designated Materials By Designating Party.**

Nothing in this Protective Order shall limit any Designating Party's use of its own documents and information, nor shall it prevent the Designating Party from disclosing its own

DECHERT LLP
ATTORNEYS AT LAW
PALO ALTO

confidential information or documents to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

**E. Procedure For Designating Materials.**

Documents, materials and discovery responses, in whole or in part, may be designated as INTEL CONFIDENTIAL or as INTEL ATTORNEYS AND CONSULTANTS ONLY as follows:

1. The producing or responding party shall designate materials by placing the legend INTEL CONFIDENTIAL or INTEL ATTORNEYS AND CONSULTANTS ONLY on each page of the materials prior to production.

2. When a party wishes to designate as INTEL CONFIDENTIAL or INTEL ATTORNEYS AND CONSULTANTS ONLY materials produced by someone other than the Designating Party, such designation shall be made:

(a) Within twenty-five (25) days from the last date that the Designating Party receives copies of the materials from the producing or disclosing entity; and

(b) By written notice to all parties to this action and to the Producing Party, if such party is not a party to this action, identifying the materials to be designated with particularity (either by production numbers or by providing other adequate identification of the specific material).

3. Upon notice of designation, all persons receiving notice of the requested designation of materials shall:

(a) Make no further disclosure of such Designated Material or information contained therein, except as allowed in this Protective Order;

(b) Take reasonable steps to notify any persons known to have possession or access to such Designated Materials of the effect of such designation under this Protective Order; and

(c) Take reasonable steps to reclaim or prevent access to such Designated

Material or information in the possession or control of any person not permitted to have access under the terms of this Protective Order.

**F.    Procedure For Designating Depositions.**

1.    Deposition transcripts or portions thereof may be designated as INTEL CONFIDENTIAL or INTEL ATTORNEYS AND CONSULTANTS ONLY by a party during deposition testimony or at the completion of said deposition, on the record, taken in this action, in which case the portion of the transcript containing Designated Material shall be identified in the transcript by the Court Reporter as INTEL CONFIDENTIAL or INTEL ATTORNEYS AND CONSULTANTS ONLY.  The designated testimony shall be bound in a separate volume and marked by the reporter accordingly.

2.    Where testimony is designated at a deposition, the Designating Party shall have the right to exclude, at those portions of the deposition, all persons not authorized by the terms of this Protective Order to receive such Designated Material.

3.    Subject to the provisions set forth in Sections B and C of this Protective Order above, any party may mark Designated Material as a deposition exhibit and examine a witness thereon, provided that the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material.  Any person who is shown a deposition exhibit comprised of Designated Material pursuant to the provisions of Sections B.1(h) and B.2(e) shall not be allowed (except by express permission of the Designating Party) to keep a copy of the deposition exhibit, and shall not be furnished a copy of such deposition exhibit when given the opportunity to review the deposition transcript for accuracy following the deposition.

4.    Any party may, within thirty (30) days after receiving a deposition transcript, designate pages of the transcript and/or its exhibits as Designated Material.  If any party so designates such material, the parties or deponents shall provide written notice of such designation to all parties within the 30-day period.  Designated Material within the deposition transcript or the exhibits thereto may be identified in writing or by underlining the relevant portions and marking such portions INTEL CONFIDENTIAL or INTEL ATTORNEYS AND CONSULTANTS ONLY.  The parties may modify this procedure for any particular deposition

DECHERT LLP
ATTORNEYS AT LAW
PALO ALTO

or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation without further order of the Court.

### G. Copies.

All complete or partial copies of Designated Materials shall also be deemed subject to the terms of this Protective Order. No copies of Designated Materials shall be made by the receiving party except as is reasonably necessary for their own use, which copies shall contain the same legending, and which shall be subject to the same restrictions as the documents originally produced.

### H. Court Procedures.

1. Disclosure of Designated Material to Court Officials. Subject to the provisions of this section, Designated Material may be disclosed to the Court, Court officials or employees involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master or referee appointed by the Court) and the jury in this action, and any interpreters interpreting on behalf of any party or deponent.

2. Obligations of the Court. The parties agree that the employees of the Court or the Clerk's office have no duty to the parties to maintain the confidentiality of any information in any papers filed with the Court.

3. Filing Designated Materials with the Court. The parties may attach Designated Materials to a court filing or otherwise include Designated Materials in a court filing only in accordance with Local Rule 79-5, with notice given to Intel for application to file any Intel Designated Material. If the Court denies permission to file Designated Materials under seal, this shall be deemed a determination that the materials do not qualify as "CONFIDENTIAL INFORMATION" or "AEO INFORMATION" designated under this Protective Order, and therefore such materials may be filed unsealed with the Court unless the parties agree otherwise. If the Designating Party disagrees with this result, nothing in this Order shall prohibit the Designating Party from seeking any appropriate relief with the Court.

4. Retrieval of Designated Materials. The party lodging or filing the Designated Materials shall be responsible for retrieving such Designated Materials from the Court following

the final termination of the action (including after any appeals).

     5.    <u>Failure to File Under Seal</u>. If any party fails to file Designated Materials under seal, the Designating Party or any party to this action may request that the Court place the Designated Materials under seal within twenty (20) days of the filing of said Designated Materials. The Clerk of the Court is directed to comply with such request if consistent with Local Rule 79-5.

     6.    <u>Use of Designated Materials in Open Court</u>. The parties shall not present or quote from any Designated Material in open court, unless the Court shall order otherwise. Presentation of, or quotations from, Designated Materials shall be heard by the Court under such conditions and safeguards as the Court may impose to prevent improper disclosure of Designated Materials. The parties shall meet and confer concerning appropriate methods for dealing with Designated Material at trial.

    **I.**    **Objections.**

     1.    A party may challenge the propriety of any designation under this Protective Order at any time. A challenge may be made by serving on all other parties a captioned notice of objection, which shall identify with particularity the Designated Materials as to which the designation is challenged and state the basis for each challenge ("Notice of Objection"). Service of a Notice of Objection shall be made by facsimile and by mail.

     2.    On, but not before, the thirtieth (30th) day after service of a Notice of Objection, the challenged material shall be deemed re-designated unless the Designating Party has served by fax or hand delivery during normal business hours a response to the Notice of Objection setting forth the legal and factual grounds upon which the Designating Party bases its position that the materials should maintain the original designation or for designating the material otherwise. If the parties are unable to resolve the disagreement, the Designated Party shall bring, within fifteen (15) days after service of the response to the Notice of Objection, a motion for protective order to maintain the original designation or to designate the material otherwise. If such a motion is filed, the material at issue may be submitted to the Court for in camera inspection. It shall be the burden of the Designating Party under such circumstances to establish

that the information so designated is properly designated INTEL CONFIDENTIAL or INTEL ATTORNEYS AND CONSULTANTS ONLY within the meaning of this Protective Order. Upon the timely filing of such a motion, the original designations shall remain effective until ten (10) days after service of notice of entry of an order re-designating the materials. If such a motion is not filed within fifteen (15) days after service of the response to the Notice of Objection, the challenged material shall be deemed re-designated.

3. The parties shall meet and confer in good faith prior to the filing of any motion under this section.

**J.    Client Communication.**

Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Designated Material. In rendering such advice and otherwise communicating with the client, however, counsel shall not make specific disclosure of any Designated Materials, except as permitted by this Protective Order.

**K.    No Prejudice.**

1. This Protective Order shall not diminish any existing obligation or right with respect to Designated Materials, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

2. Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

3. If any person required to produce documents inadvertently produces any Designated Material without marking it with the appropriate legend, the producing party may give written notice to the receiving party or parties, including appropriately stamped copies of the Designated Material, that the document, things, or response is deemed Designated Material and should be treated as such in accordance with the provisions of this Protective Order.

Such an inadvertent production of materials without the appropriate designation shall not, by itself, be deemed a waiver in whole or in part of a producing party's claim of

confidentiality or secrecy, either to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. However, failure to take prompt or appropriate action to rectify any inadvertent production of materials without the appropriate designation, or failure to discover such inadvertent production within a reasonable time after the materials are produced without designation, may in appropriate circumstances result in the loss of confidentiality or secrecy.

**L.     Inadvertent Production of Privileged Materials.**

The inadvertent production of any document or thing shall be without prejudice to a claim that such material is protected by the attorney-client privilege or protected from discovery as work product or otherwise immune from discovery. No party will assert that such inadvertent disclosure, by itself, waived any such privilege or immunity if, within a reasonable time after materials are disclosed, a producing party asserts that such materials are protected from discovery and were inadvertently produced, and takes prompt steps to ensure that all known copies of such material are returned to the producing party. If the producing party claims that documents or other information were inadvertently disclosed, the producing party shall explain in writing, supported by declarations if appropriate, the basis for its claim that the disclosure was inadvertent. Failure to take prompt or appropriate action to rectify any inadvertent production of materials, or failure to discover such inadvertent production within a reasonable time after the materials are produced, may in appropriate circumstances result in the loss of protection for such materials. Nothing in this section shall preclude a party from challenging the propriety of the claim of privilege in accordance with the Federal Rules of Civil Procedure.

**M.     Final Disposition.**

Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of the action, including appeals therefrom, all persons having received Designated Material shall return such material and all copies thereof to counsel for the producing party, or certify destruction thereof. Outside Counsel shall be entitled to retain court papers, deposition and trial transcripts, attorney work product, and one copy of each item of

Designated Material, provided such counsel and employees of such counsel shall not disclose any such information or material contained in such court papers or transcripts or attorney work product or Designated Material to any person or entity except pursuant to court order or written agreement with the producing party of the information or material. Any Designated Material retained by Outside Counsel will be maintained in a secure location and continue to be subject to the terms of this Protective Order until destroyed.

**N.** **Modification and Survival.**

1. Modification; Addition of Parties to this Stipulation.

(a) All parties reserve the right to seek modification of this Protective Order at any time for good cause. The parties agree to meet and confer prior to seeking to modify this protective order for any reason. The restrictions imposed by this Protective Order may only be modified or terminated by written stipulation of all parties or by order of this Court.

(b) Parties to this action who are not listed herein or who become parties to this action after the latest date of execution may become parties to this Protective Order, and thereby be bound by all the terms and conditions stated herein, by executing a written agreement thereto, to be signed by all Outside Counsel for the parties, that designates Outside Counsel, any In-House counsel and any Party Designee (as defined in Sections B.1(e) and B.1(f) for the additional party.

2. Survival.

The restrictions imposed by this Protective Order may only be terminated by written stipulation of all parties, by stipulation read into a court record or deposition record, or by order of this Court. This Protective Order shall survive termination of this action.

**O.** **Third Parties.**

1. Where a discovery request (other than a deposition question) calls for otherwise discoverable information that is subject to an obligation of confidentiality owed to another, it shall be the obligation of the party to whom the discovery request or deposition question is directed to:

(a) identify to the party seeking the information the name and address of each

person whose confidentiality interests are implicated by the discovery request or, if the identity of the third party itself is confidential, the existence of third party confidentiality obligations, and

        (b)     promptly provide to each third party whose confidentiality interests are implicated:

             (i)     notice of such discovery request seeking disclosure of materials or information held under obligations of confidentiality; and

             (ii)     a copy of this Protective Order.

The party to whom the discovery request has been directed shall be responsible for determining whether the third party whose confidentiality interests are implicated objects to the production of the otherwise discoverable information. If the third party whose confidentiality interests are implicated does not object in writing to counsel for the requesting party within fifteen (15) business days after receiving notice of the discovery request and a copy of this Protective Order, the party to whom the discovery request has been directed shall not be permitted to withhold discovery on the ground of third party confidentiality. If an objection is made by the third party, there shall be no disclosure of the information to which the objection is made unless the objection is withdrawn or by order of the Court. The requesting party may move the Court for an order requiring disclosure of the confidential information. The parties will meet and confer in good faith to resolve any issues pertaining to deposition questions which call for otherwise discoverable information that is subject to an obligation of confidentiality owed to another.

        2.     If a third party is required, by subpoena or court order, to provide documents or information that it considers CONFIDENTIAL INFORMATION or AEO INFORMATION, the third party may request to receive the protections provided by this Protective Order, either by giving notice to all parties in writing of its intent to seek such protection or by designating and marking documents and information it produces in the manner required by this Protective Order. Designated third-party documents and information shall be given the same protection under this Order as documents and information produced by the parties.

**P.**  **No Contract.**

This stipulation is for the Court's consideration and approval as an order. This order shall not be construed to create a contract between the parties or between the parties and their respective counsel.

**Q.**  **Court's Retention of Jurisdiction.**

The Court retains jurisdiction to make such amendments, modifications, and additions to this Protective Order as it may from time to time deem appropriate.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: _1/13/06_          DECHERT LLP

By:_____.
　　　　　　　Michael Edelman
　　　　　　　Attorneys for Plaintiff
　　　　　　　SYNOPSYS, INC.

Dated: _____          O'MELVENY & MYERS LLP

By:_____.
　　　　　　　Mark E. Miller
　　　　　　　Attorneys for Defendant
　　　　　　　MAGMA DESIGN AUTOMATION, INC.

Dated: _____          McMANIS, FAULKNER & MORGAN

By:_____.
　　　　　　　Mary Arand
　　　　　　　Attorneys for Non-Party
　　　　　　　INTEL CORPORATION

**P.    No Contract.**

This stipulation is for the Court's consideration and approval as an order. This order shall not be construed to create a contract between the parties or between the parties and their respective counsel.

**Q.    Court's Retention of Jurisdiction.**

The Court retains jurisdiction to make such amendments, modifications, and additions to this Protective Order as it may from time to time deem appropriate.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: _____          DECHERT LLP


By:_____
          Michael Edelman
          Attorneys for Plaintiff
          SYNOPSYS, INC.


Dated: 1.13.2006          O'MELVENY & MYERS LLP


By:_____
          Mark E. Miller
          Attorneys for Defendant
          MAGMA DESIGN AUTOMATION, INC.


Dated: _____          McMANIS, FAULKNER & MORGAN


By:_____
          Mary Arand
          Attorneys for Non-Party
          INTEL CORPORATION

**P.     No Contract.**

This stipulation is for the Court's consideration and approval as an order.  This order shall not be construed to create a contract between the parties or between the parties and their respective counsel.

**Q.     Court's Retention of Jurisdiction.**

The Court retains jurisdiction to make such amendments, modifications, and additions to this Protective Order as it may from time to time deem appropriate.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: _____          DECHERT LLP


By:_____
          Michael Edelman
          Attorneys for Plaintiff
          SYNOPSYS, INC.


Dated: _____          O'MELVENY & MYERS LLP


By:_____
          Mark E. Miller
          Attorneys for Defendant
          MAGMA DESIGN AUTOMATION, INC.


Dated: _1/18/06_          McMANIS, FAULKNER & MORGAN


By:_____
          Mary Arand
          Attorneys for Non-Party
          INTEL CORPORATION

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____January 26_____, 2006

_____
Joseph C. Spero
United States District Court Magistrate Judge

**EXHIBIT A**

**CERTIFICATION CONCERNING MATERIAL COVERED**

**BY PROTECTIVE ORDER**

I, the undersigned, hereby certify that I have read the Protective Order entered in the Northern District of California in the case entitled <u>Synopsys, Inc. v. Magma Design Automation</u>, Case No. C-04-03923 MMC.

I understand the terms of the Protective Order. I agree to be bound by such terms and to submit to the personal jurisdiction of the Northern District of California with respect to any proceeding related to the enforcement of this Protective Order, including any proceedings related to contempt of Court. I will not use or disclose Designated Materials marked "INTEL CONFIDENTIAL" or "INTEL ATTORNEYS AND CONSULTANTS ONLY" to anyone other than persons specially authorized by the Protective Order, and I agree to return all such materials which come into my possession to counsel from whom I received such materials.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Name of individual: _____

Company or Firm: _____

Address: _____

Telephone No.: _____

Relationship to this action and its parties: _____

_____

_____

Dated: _____        _____
                                                    Signature

## EXHIBIT B

## CERTIFICATION OF CONSULTANT

I, the undersigned, hereby certify that I have read the Protective Order entered in the Northern District of California in the case entitled <u>Synopsys, Inc. v. Magma Design Automation</u>, Case No. C-04-03923 MMC (the "Action"), and that I have executed a Certification Concerning Material Covered by Protective Order.

I further certify that I am not employed by or affiliated with a competitor of the Designating Party or any person or entity currently a party (as of the time of the execution of this Certification) to this action. If at any time after I execute this Consultant Certification and during the pendency of the Action I become engaged in business as a competitor of any person or entity currently a party to this action, I will promptly inform the counsel for the party who retained me in the Action, and I will not thereafter review any Designated Materials marked "ATTORNEYS AND CONSULTANTS ONLY" unless and until the Court in the Action orders otherwise.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Name of individual: _____

Company or Firm: _____

Address: _____

Telephone No.: _____

Dated: _____    _____
                                          Signature