IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MAGMA DESIGN AUTOMATION, INC., <br><br> Defendant. <br> _____ / | No. C-04-3923 MMC <br><br> **ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT RE: PATENT OWNERSHIP** <br><br> (Docket Nos. 353, 462, 471, 473) |

    Before the Court are four motions for summary judgment: (1) plaintiff Synopsys, Inc.'s ("Synopsys") Motion for Partial Summary Judgment to Dismiss Magma's Counterclaims and Affirmative Defenses under Estoppel by Contract ("Synopsys's Estoppel by Contract Motion"), filed July 29, 2005; (2) Synopsys's Motion for Partial Summary Judgment to Dismiss Allegations of Co-Ownership Based on Judicial and Quasi-Estoppel ("Synopsys's Judicial and Quasi-Estoppel Motion"), filed October 24, 2005; (3) Synopsys's Motion for Partial Summary Judgment to Dismiss Joint Ownership Defenses and Counterclaims ("Synopsys's Joint Ownership Motion"), filed October 24, 2005; and (4) defendant Magma Design Automation, Inc's ("Magma") Motion for Summary Judgment as to the First Cause of Action in Synopsys's Third Amended Complaint ("Magma's Summary Judgment Motion"), filed October 24, 2005. Both parties have filed timely

oppositions and replies.  Having considered the papers filed in support of and in opposition to the motions for summary judgment, the Court finds them appropriate for decision without oral argument.  See Civil L.R. 7-1(b).  For the reasons set forth below, the motions are DENIED.

## BACKGROUND

In Magma's response to Synopsys's Third Amended Complaint, Magma asserts numerous affirmative defenses and counterclaims based on IBM's alleged co-ownership of United States Patents Nos. 6,378,114 ("the '114 Patent"), 6,453,446 ("the '446 Patent"), and 6,725,438 ("the '438 Patent").  Magma argues that Synopsys, to the extent it has any valid ownership interest in the disputed patents, lacks standing to assert its interest without joining IBM as a co-owner.  Magma further argues that IBM licensed the patents at issue to Magma and provided a release to Magma for any prior infringement of such patents.  Thus, Magma concludes, in light of IBM's ownership interest in the patents at issue, Magma cannot be held liable for infringement.

By its motion for partial summary judgment, Synopsys seeks to estop Magma from alleging IBM's co-ownership of the disputed patents and to establish that the patented inventions were solely developed by Synopsys.  Magma seeks summary judgment on Synopsys's patent infringement claims, on the ground that Synopsys and IBM jointly conceived and reduced to practice all inventions covered by the disputed patents.

## LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment as to "all or any part" of a claim "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  See Fed. R. Civ. P. 56(b), (c).  Material facts are those that may affect the outcome of the case.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  See id.  The Court may not

weigh the evidence. See id. at 255. Rather, the nonmoving party's evidence must be believed and "all justifiable inferences must be drawn in [the nonmovant's] favor." See United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1542 (9th Cir. 1989) (en banc) (citing Liberty Lobby, 477 U.S. at 255).

The moving party bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, interrogatory answers, admissions, and affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the nonmoving party will bear the burden of proof at trial, the moving party's burden is discharged when it shows the court there is an absence of evidence to support the nonmoving party's case. See id. at 325.

Where the moving party "bears the burden of proof at trial, he must come forward with evidence which would entitle him to a directed verdict if the evidence went uncontroverted at trial." See Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992) (citations omitted); see also Fontenot v. Upjohn, 780 F.2d 1190, 1194 (5th Cir. 1986) (holding when party moves for summary judgment on an issue upon which he bears the burden of proof, "he must establish beyond peradventure all of the essential elements of the claim . . . to warrant judgment in his favor").

A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of [that] party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." See Fed. R. Civ. P. 56(e); see also Liberty Lobby, 477 U.S. at 250. The opposing party need not show that the issue will be resolved conclusively in its favor. See Liberty Lobby, 477 U.S. at 248-49. All that is necessary is submission of sufficient evidence to create a material factual dispute, thereby requiring a jury or judge to resolve the parties' differing versions at trial. See id.

## DISCUSSION

The parties' summary judgment motions raise overlapping issues. Accordingly, this order addresses those issues independent of the motion in which they appear. The Court

will begin its analysis with issues pertaining to standing and estoppel, as a finding thereon in favor of the moving party would preclude the nonmoving party from proceeding on the merits of the claims and counterclaims affected thereby.

**A.     Synopsys's Standing to Sue Magma for Infringement**

Magma argues that IBM's ownership interest in the disputed patents deprives Synopsys of standing to sue Magma because, according to Magma, a plaintiff must join all co-owners of a patent as parties before it can maintain a patent infringement suit. (See Magma's Summary Judgment Motion at 23.)  Synopsys responds that Magma is not permitted to rely on standing to defend against the equitable remedy sought by Synopsys and that any joint-ownership requirement is a rule of prudential, rather than constitutional, standing. (See Reply in Support of Synopsys's Estoppel by Contract Motion at 9-10.)

"United States patent law . . . requires that all co-owners normally must join as plaintiffs in an infringement suit." International Nutrition Co. v. Horphag Res. Ltd., 257 F.3d 1324, 1331 (Fed. Cir. 2001).  Nevertheless, co-owners are not, ipso facto, indispensable parties in infringement suits.  Rather, the Court considers joinder of potential co-owners, such as IBM, under Rule 19 of the Federal Rules of Civil Procedure,[1] see, e.g., Ethicon, Inc. v. U.S. Surgical Corp., 135 F.3d 1456, 1472 (Fed. Cir. 1998), and, because joinder is an issue "not unique to patent law," the Court applies Ninth Circuit, rather than Federal Circuit, law.  See Katz v. Lear Siegler, 909 F.2d 1459, 1461 (Fed. Cir. 1990).

In the instant case, the risk assertedly posed, if the present litigation continues in IBM's absence, is covered, if at all, by Rule 19(a)(2).[2]  The Ninth Circuit has held that Rule

---

[1] Unless otherwise indicated, all references herein to Rules are to the Federal Rules of Civil Procedure.

[2] Rule 19(a)(2) provides: "A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if . . . (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (I) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest."  Fed. R. Civ. P. 19(a)(2).

19(a)(2) joinder is contingent upon the absent party's actually claiming a legally protected interest relating to the subject matter of the action. See United States v. Bowen, 172 F.3d 682, 689 (9th Cir. 1999). Here, IBM has demonstrated an awareness of the instant action by providing legal counsel to IBM employees who have been deposed by Synopsys and Magma in the course of these proceedings. (See, e.g., Hieter Dep. at 2.)[3] Despite such awareness, however, IBM has not sought to intervene to protect any potential interest it might have in the action. Put another way, IBM has not "claim[ed] an interest" such that joinder under Rule 19(a)(2) is required before Synopsys can proceed with its infringement action. See Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030, 1043-44 (9th Cir. 1983) (holding absent party need not be joined under Rule 19 where such party "never asserted a formal interest in either the subject matter of [the] action or the action itself," and where record reflected such party had "meticulously observed a neutral and disinterested posture"). Accordingly, joinder of IBM is not a prerequisite to Synopsys's proceeding on its patent infringement claims.

**B.     Estoppel**

    **1.     Estoppel by contract**

Synopsys argues that the doctrine of estoppel by contract bars Magma from asserting IBM's co-ownership of the disputed patents. Citing California Evidence Code § 622[4] and California common law, Synopsys contends that Lukas van Ginneken ("van Ginneken") and Magma, as his successor in interest, are estopped from denying the truth of a provision in a written instrument to which Synopsys and van Ginneken are parties, (see Synopsys's Estoppel by Contract Motion at 13-15), specifically Synopsys's Proprietary Information and Inventions Agreement, in which van Ginneken entered certain stipulations

---

[3] These excerpts from the Deposition of Nathaniel D. Hieter are Exhibit 16 to the Declaration of David Harris, Ph.D. in Support of Synopsys's Motion for Partial Summary Judgment, filed October 24, 2005.

[4] Section 622 provides in relevant part: "The facts recited in a written instrument are conclusively presumed to be true as between the parties thereto, or their successors in interest[.]"

regarding patent ownership (see Puckett Decl. Ex. 1). Magma argues that Synopsys lacks a factual basis for applying the doctrine of estoppel by contract. (See Opposition to Synopsys's Estoppel by Contract Motion at 15-18.)

The Court need not consider whether a factual basis exists for applying estoppel by contract,[5] however. Even if Magma were estopped by the terms of van Ginneken's contract, Magma would not be prevented from arguing that IBM and Synopsys are co-owners of the disputed patents. Synopsys's Proprietary Information and Inventions Agreement only applies to van Ginneken's interests. In arguing that IBM co-owns the disputed patents with Synopsys, Magma does not dispute that Synopsys is the sole owner of van Ginneken's interests in the inventions. Rather, Magma argues that IBM also possesses an interest in the inventions, independent of van Ginneken's interest and contractual agreements with Synopsys. Accordingly, Synopsys's Proprietary Information and Inventions Agreement does not bar Magma's claims.

**2. Quasi-estoppel**

Synopsys argues that the doctrine of quasi-estoppel applies to prevent Magma from repudiating its prior acts and assertions regarding ownership of the disputed patents. In particular, Synopsys contends that Magma breached its "duty of consistency" by revising its prior claim of sole ownership after it perceived its interests are better served by claiming IBM is a co-owner. (See Synopsys's Judicial and Quasi-Estoppel Motion at 15-16.) In response, Magma argues that (1) the doctrine does not apply other than in tax cases, (2) Synopsys did not rely on Magma's prior statements to its detriment, (3) Magma's prior

---

[5] Although not raised by the parties, a question exists as to whether the doctrine of estoppel by contract applies in federal patent cases. Synopsys cites only California law in arguing for its application. Although, generally, the construction of a patent license is governed by state law, when federal patent policy and state law conflict as to related issues, federal law governs. See In re CFLC, Inc., 89 F.3d 673, 677-79 (9th Cir. 1996) (applying federal law to assignability of patent licenses). In this instance, California's doctrine of estoppel by contract closely resembles the federal doctrine of assignor estoppel. Cf. Westinghouse Elec. & Mfg. Co. v. Formica Insulation Co., 266 U.S. 342, 350 (1924) ("The analogy between estoppel in conveyances of land and estoppel in assignments of a patent right is clear."). The protection of a uniform system of federal patent law may be best served by the federal court's refusing to apply a state law that overlaps and potentially conflicts with a clearly established federal doctrine.

statements were not inconsistent as to an issue of fact, and (4) Magma did not have full knowledge when it listed van Ginneken as sole inventor of the disputed patents.  (See Opposition to Synopsys's Judicial and Quasi-Estoppel Motion at 15-16.)

Under California's law of quasi-estoppel:

> a person, with full knowledge of the facts, shall not be permitted to act in a manner inconsistent with his former position or conduct to the injury of another.  To constitute this sort of estoppel the act of the party against whom the estoppel is sought must have gained some advantage for himself or produced some disadvantage to another; the person invoking the estoppel must have been induced to change his position[.]

Tozzi v. Lincoln Nat. Life Ins. Co., 103 F.2d 46, 52 (9th Cir. 1939) (quoting McDanels v. Gen. Ins. Co., 1 Cal.App.2d 454, 459 (1934)).

Here, quasi-estoppel does not bar Magma from arguing that IBM is a co-owner of the disputed patents,[6] as Synopsys has failed to demonstrate any advantage gained by Magma over Synopsys as a result of Magma's alleged change in position regarding patent ownership.  The doctrine of quasi-estoppel cannot be invoked based solely upon some advantage gained by Magma as a result of its original assertion of sole ownership.  Rather, the invocation of quasi-estoppel depends upon whether Synopsys will suffer a disadvantage by reason of Magma's change in position, in particular, Synopsys's reliance, to its detriment, on Magma's earlier position.  The only disadvantage identified by Synopsys as a result of Magma's alleged change in position is Synopsys's loss of standing to sue for infringement if IBM constitutes an unjoined co-owner of the disputed patents.  (See Reply in Support of Synopsys's Estoppel by Contact Motion at 3.)  Synopsys, however, has not identified any disability on its part occasioned by Synopsys's reliance on any position taken earlier by Magma, and, indeed, Synopsys has argued, successfully, that it possesses standing to assert infringement by Magma, regardless of IBM's ownership interest.

---

[6] The Federal Circuit has expressed a reluctance to apply quasi-estoppel to patent cases, calling it "a seldom-utilized doctrine that appears predominately in tax cases."  See In re Baker Hughes Inc., 215 F.3d 1297, 1301 (2000).  Despite such reservations, however, the Federal Circuit has applied the doctrine, at least where the representations in question were made to the United States Patent and Trademark Office.  See id. at 1302.

Although Synopsys contends other entities, such as the United States Patent and Trademark Office ("PTO") have been misled by Magma's asserted change in position, quasi-estoppel does not allow Synopsys to invoke injuries inflicted upon third parties. See Associated Creditors' Agency v. Dolight Wong, 216 Cal.App.2d 61, 67 (1963) (holding party seeking to invoke doctrine must itself suffer disadvantage resulting from another's change in position). Accordingly, because Synopsys fails to meet quasi-estoppel's initial requirement that an inconsistent position result in "some disadvantage" to Synopsys, see Tozzi, 103 F.2d at 52, Magma is not barred by such doctrine from asserting IBM's co-ownership in the patents at issue.

### 3. Judicial estoppel

Synopsys argues that the doctrine of judicial estoppel bars Magma from contradicting statements, in this and earlier proceedings, that Magma was the sole owner of the disputed patents. Magma responds that judicial estoppel does not apply because (1) its assertions of co-ownership are not inconsistent with previous statements, (2) it cannot be judicially estopped regarding an assertion of inventorship made in response to claim construction, (3) van Ginneken's prior representations were based on a misunderstanding of inventorship as a legal concept, (4) the alleged prior representations were not accepted or adopted by any court, and (5) no unfair benefit or detriment to Synopsys would result if Magma is not estopped.

Several factors typically inform a court's decision to apply the doctrine of judicial estoppel:

> First, a party's later position must be "clearly inconsistent" with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or the second court was misled." Absent success in a prior proceeding, a party's later inconsistent position introduces no "risk of inconsistent court determinations," and thus poses little threat to judicial integrity. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

New Hampshire v. Maine, 532 U.S. 742, 750 (2001) (internal citations omitted). Although

8

1 the issues underlying Synopsys's estoppel claim concern the subject of patents, Ninth
2 Circuit, rather than Federal Circuit, law governs the court's application of judicial estoppel.
3 See Lampi Corp. v. Am. Power Prods., 228 F.3d 1365, 1377 (Fed. Cir. 2000).  The Ninth
4 Circuit has held that judicial estoppel is to be applied only in instances of "knowing
5 misrepresentation to or [ ] fraud on the court."  See Johnson v. Or. Dep't of Human Res.,
6 Rehab. Div., 141 F.3d 1361, 1369 (9th Cir. 1998).  "Because it is intended to protect the
7 dignity of the judicial process, it is an equitable doctrine invoked by a court at its discretion."
8 Rissetto v. Plumbers & Steamfitters Local 343, 94 F.3d 597, 601 (9th Cir. 1996).

Magma's and van Ginneken's representations fall into three categories: (1) representations to private entities, (2) representations to the court, and (3) representations to the PTO.  With respect to all three categories, Synopsys fails to demonstrate that the requirements for judicial estoppel have been met.

First, because courts apply judicial estoppel to prevent "the judicial acceptance of an inconsistent position," New Hampshire, 532 U.S. at 750 (emphasis added), the doctrine does not reach representations made to private entities.  Consequently, Magma cannot be judicially estopped by reason of the representations denominated Representations 1, 2, 3, 4, and 11.  (See Synopsys's Judicial and Quasi-Estoppel Motion at 3, 4, 5, 10-11.)

Second, Synopsys has not shown that Magma "succeeded in persuading a court to accept [Magma's] earlier position."  See New Hampshire, 532 U.S. at 750.  Consequently, Magma cannot be judicially estopped by reason of Representations 12, 13, and 14.  (See Synopsys's Judicial and Quasi-Estoppel Motion at 11-12).

Third, Synopsys has not conclusively demonstrated that Magma knowingly deceived or defrauded the court by adopting a current position regarding inventorship of the patents different from the representations it made to the PTO, specifically, Representations 5-10 and 15.[7]  (See Synopsys's Judicial and Quasi-Estoppel Motion at 5-10, 12-13.)  Magma

---

[7] The Court assumes, arguendo, that judicial estoppel applies to statements made to the PTO.  See Lampi Corp. v. American Power Prods., Inc., 228 F.3d at 1377 (addressing claim of judicial estoppel in case where initial representation made to PTO; noting judicial estoppel "applies to administrative proceedings"); Rissetto, 94 F.3d at 604 (collecting cases

9

has raised a triable issue of material fact as to whether van Ginneken properly understood the legal concept of inventorship when making the statements on which Synopsys relies for purposes of judicial estoppel. (See van Ginneken Dep. at 47:9-10; 49:25-50:18.)[8] As a result, a triable issue exists as to Magma's state of mind, and, because a misrepresentation made on the basis of mistake will not support a finding of judicial estoppel, see Johnson, 141 F.3d at 1369, Synopsys is not entitled to summary judgment based on Magma's representations to the PTO.

### 4. Estoppel by Dismissal of Joint Inventorship Defenses and Counterclaims

Synopsys argues that the Court dismissed, without leave to amend, Magma's affirmative defenses and counterclaims to the extent such defenses and counterclaims allege co-inventorship of the '446 and '438 patents. (See Order October 19, 2005 at 10-11.) In particular, Synopsys contends that, following the Court's order, Magma is precluded from asserting IBM's co-ownership based on Prabhakar Kudva's ("Kudva") role as a co-inventor. (See Opposition to Magma's Summary Judgment Motion at 14.) Magma responds that the Court specifically denied Synopsys's motion to strike any defenses and counterclaims based on IBM's co-ownership and struck only the defenses and counterclaims by which Magma sought an order correcting the inventorship of the patents pursuant to 35 U.S.C. § 256. (See Opposition to Synopsys's Joint Ownership Motion at 20-21.)

As Magma points out, the Court denied Synopsys's motion to strike the second, sixth, and tenth counterclaims in Magma's Answer to the Third Amended Complaint ("TAC Answer"), in which Magma asserts IBM is a co-owner of the '114, '446, and '438 patents, because nearly identical counterclaims had been asserted previously as the third, seventh,

---

applying judicial estoppel to administrative proceedings; holding judicial estoppel applicable to prior position taken in workers' compensation proceeding).

[8] These excerpts from the Deposition of Lukas van Ginneken are Exhibit 4 to the Declaration of Nora M. Puckett in Support of Magma's Opposition to Synopsys's Estoppel by Contract Motion.

10

1 and tenth counterclaims in the Amended Answer.  (See October 19, 2005 Order at 7.)  The
2 second, sixth, and tenth counterclaims in the TAC Answer, as well as the third, seventh,
3 and tenth counterclaims in the Amended Answer, all seek, inter alia, a declaratory
4 judgment as to IBM's co-ownership of the '114, '446, and '438 patents, and each such
5 counterclaim raises the issue of IBM's inventorship of said patents.  (See TAC Answer
6 ¶¶ 209, 230, 249; Amended Answer ¶¶ 127, 148, 163.)  Thus, IBM's co-inventorship of the
7 '114, '446, and '438 patents has long been at issue in the case.[9]

Although the Court struck Magma's counterclaims for correction of inventorship of the '446 and '438 patents, it did so on the basis of Magma's allegation, previously unasserted, that Patrick Groeneveld, Magma's principal engineer, is a co-inventor of those patents.  (See October 19, 2005 Order at 10-11.)  The issue of Kudva's co-inventorship of those patents remains in the case by means of the sixth and tenth counterclaims in the TAC Answer.

Accordingly, the Court's October 19, 2005 Order does not serve to bar Magma's affirmative defenses and counterclaims alleging IBM's co-ownership and Kudva's co-inventorship of the disputed patents.

### 5.  Unclean hands

As noted, a triable issue of material fact exists as to whether judicial estoppel serves to bar Magma from making certain assertions in the proceedings before this Court.  Magma argues that even if judicial estoppel were to apply, the doctrine of unclean hands precludes Synopsys from obtaining equitable relief.   "[E]quity requires that those seeking its protection shall have acted fairly and without fraud or deceit as to the controversy in issue."  Id.  Here, Magma contends that Synopsys acted with unclean hands by concealing IBM's co-ownership of the patents at issue from both IBM and the PTO, to the detriment of both

---

[9] Indeed, in the Amended Answer, Magma expressly alleged that Kudva was part of the team that worked on the Synopsys-IBM joint venture, and that if "van Ginneken developed the inventions [set forth in the '446 and '438 patents] at Synopsys, that work would have occurred as part of the joint project between IBM and Synopsys to which IBM engineers made significant contributions."  (See Amended Answer ¶¶ 73, 110.)

IBM and the public good. (See Opposition to Synopsys's Judicial and Quasi-Estoppel Motion at 20-23.)

As a pre-requisite to establishing fraud or deceit based on the above-alleged conduct, however, Magma must demonstrate that IBM possesses an interest in the patents at issue. Because, as discussed below, IBM's co-ownership of the patents is a disputed issue of material fact, Magma has not conclusively demonstrated that Synopsys acted in a fraudulent or deceitful manner and, consequently, has not conclusively demonstrated Synopsys acted with unclean hands.[10]

### C. Ownership

Both parties seek summary judgment on the issue of ownership of the patents. Synopsys moves for summary judgment on Magma's claim that IBM is a co-owner of the disputed patents. (See Synopsys's Joint Ownership Motion.) Magma moves for summary judgment on Synopsys's first cause of action, patent infringement, on the ground that IBM co-owns the disputed technology and provided Magma with a license for its current use of the technology as well as a waiver of any past infringement. (See Magma's Summary Judgment Motion at 23-24.) In addressing these issues, the Court first considers the parties' arguments concerning the scope of the JDA, the joint development agreement between Synopsys and IBM.

#### 1. Applicability of the Joint Development Agreement

Synopsys argues that van Ginneken's fixed timing ideas are outside the scope of the JDA, the agreement on which Magma bases its claim that IBM co-owns the disputed patents. First, Synopsys argues, van Ginneken's ideas are independently-developed intellectual property, with complete ownership vested in Synopsys by § 4.1.1 of the JDA. (See Synopsys's Joint Ownership Motion at 13-14.) Synopsys next argues that van Ginneken's ideas are outside the JDA because they are not incorporated in "Joint

---

[10] Contrary to Magma's additional argument on this issue, the Court finds Synopsys has not waived its right to raise judicial estoppel, either by the manner in which it briefed its argument thereon or by its failure to adequately raise such defense in its pleadings.

12

1 Products" or "NGSS."  (See id. at 15.)  Lastly, Synopsys argues that any ownership rights
2 IBM possessed in the disputed patents were terminated by the Joint Venture Dissolution
3 Agreement.  (See id. at 23-24.)  Magma, however, has raised disputed issues of material
4 fact with respect to each of these arguments, precluding summary judgment on the
5 question of Synopsys's sole ownership.

6       First, an issue of material fact exists as to whether van Ginneken's inventions were
7 independently developed and thus outside the scope of the JDA.  Although Synopsys has
8 submitted evidence that van Ginneken presented his ideas prior to his first meeting with
9 IBM, (see Damiano Decl. ¶¶ 10-12), Magma has countered with evidence that all of van
10 Ginneken's work on constant delay was done as part of the joint project with IBM and that
11 only when van Ginneken began work with IBM employee Kudva did he fully conceive of the
12 inventions underlying the disputed patents, (see van Ginneken Decl. Nov. 4, 2005 ¶¶ 3-7).

13       Second, an issue of material fact exists as to whether the joint patent provision of
14 the JDA applies only to inventions incorporated in "Joint Products" or "NGSS."  (See JDA
15 § 4.1.2.1-2.)  In that regard, the parties take contradictory positions as to the relationship
16 between §§ 4.1.2.1 and 4.1.2.2.  Synopsys argues that both subsections apply only to
17 "Joint Products" and "NGSS," as suggested by the section heading.  Magma, citing the
18 definitional sections, argues that the language of § 4.1.2.1, discussing "joint inventions,"
19 governs "any discovery or improvement conceived or first reduced to practice by one or
20 more employees of one party jointly with one or more employees of the other party." (See
21 Opposition to Synopsys's Joint Ownership Motion at 11:19-22; JDA §§ 1.24-1.25.)   In
22 support thereof, Magma submits the deposition testimony of Raul Camposano, Synopsys's
23 Senior Vice President and Chief Technology Officer, (see Camposano Dep. at 183:25-
24 184:2),[11] and, based thereon, argues § 4.1.2.2, rather than providing the only grounds for
25 joint patent treatment, merely distinguishes the treatment of "Joint Products" and "NGSS"

---

[11] The Deposition of Raul Camposano is Exhibit 6 of Exhibits 1-6 to the Declaration of Christopher D. Catalano, filed November 4, 2005.

from that of joint inventions generally, which are governed by § 4.1.2.1.[12]  Given the evidence submitted by Magma, a triable issue of material fact exists as to whether the inventions underlying the disputed patents fall outside the scope of § 4.1.2 of the JDA.

Synopsys's third argument, as noted, is that any ownership rights previously possessed by IBM were terminated by the Joint Venture Dissolution Agreement. That agreement, however, incorporates the terms of § 4 of the JDA, except as expressly modified. Consequently, until the scope of JDA § 4 is determined, a triable issue of fact exists as to the effect of the dissolution agreement.

Accordingly, neither party is entitled to summary judgment on the issue of IBM's co-ownership of the subject patents.

### 2. Conception

Both Synopsys and Magma seek summary judgment on the issue of conception. Synopsys argues that van Ginneken solely conceived of the patented inventions. (See Synopsys's Joint Ownership Motion at 17-18.)  In particular, Synopsys contends that van Ginneken's numerous representations that he was the sole inventor conclusively demonstrate that others were not involved in developing the patented inventions. (See, e.g., van Ginneken Dep. April 26, 2005 at 319:12-320:1.)[13]  Additionally, Synopsys submits the testimony of one of van Ginneken's co-workers, (see Damiano Decl. ¶ 14), and Synopsys's expert witness, (see Harris Decl. ¶¶ 32, 36, 45).[14]  Magma, however, has raised an issue of material fact as to the role played by IBM engineer Kudva in the

---

[12] The Court overrules Synopsys's objection that Camposano's deposition testimony constitutes a legal conclusion. Camposano testified to his understanding of the parties' negotiations. His testimony is directed to the parties' intent rather than the document's legal meaning.

[13] These excerpts from the Deposition of Lukas van Ginneken are Exhibit 19 to the Declaration of Michael N. Edelman in Support of Synopsys's Motion for Partial Summary Judgment.

[14] The Court overrules Magma's objection that Harris's expert opinions are not the "product of reliable principles and methods." See Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 590-91 (1993). Magma has not made a sufficient showing that Synopsys's expert lacks a meaningful understanding of the term "conception."

development of the inventions. In particular, Magma has submitted evidence that, prior to Kudva's involvement, van Ginneken had not fully conceived the inventions, (see Puckett Decl. Ex 12), that Kudva made an original contribution to the conception of the inventions through his work on logical effort, (see van Ginneken Decl. November 4, 2005 ¶ 6; Puckett Decl. Ex 24), and that the invention of gain based synthesis resulted from van Ginneken and Kudva's collaboration, (see Van Ginneken Decl. ¶¶ 5, 7).

Although sufficient to defeat Synopsys's motion, Magma's evidence supporting Kudva's co-inventorship does not conclusively demonstrate his involvement so as to entitle Magma to summary judgment. Synopsys has submitted evidence that Kudva did no more than provide van Ginneken with a publicly available article. (See Edelman Decl. Ex 35.) Moreover, Kudva concedes a lack of total recall as to his contribution, (see Kudva Dep. at 203:13-204:24),[15] and van Ginneken has provided arguably contradictory accounts, (compare van Ginneken Dep. Apr. 26, 2005 at 295:9-23[16] with van Ginneken Decl. Nov. 4, 2005 ¶ 4-6).[17]

Synopsys additionally argues that any contributions by Kudva were anticipated by prior art. Although, at one point, van Ginneken testified he was not familiar with gain as a method for selecting and optimizing the delay of arbitrary cells, (see van Ginneken Decl. Nov. 4, 2005 ¶ 5), Synopsys contends that Kudva's insights were well known to those in the field, (see Edelman Decl. Exhs. 40, 41). Both parties rely upon expert testimony to analyze the originality and significance of Kudva's alleged contribution. (See Harris Reply

---

[15] These excerpts from the Deposition of Prabhakar Nandahar Kudva are Exhibit 21 to the Declaration of Michael N. Edelman in Support of Synopsys's Motion for Partial Summary Judgment.

[16] These excerpts from the Deposition of Lukas van Ginneken are Exhibit D to the Declaration of Michael N. Edelman in Support of Synopsys's Estoppel by Contract Motion.

[17] Although "a party cannot create an issue of fact by affidavit contradicting his prior deposition testimony," the court may only dispose of the contradictory statements upon "a factual determination that the contradiction was a 'sham.'" See Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266-67 (9th Cir. 1991). Synopsys has not demonstrated that van Ginneken's declaration contained such "sham" contradictions. "[E]very discrepancy contained in an affidavit does not justify a district court's refusal to give credence to such evidence." Id. at 266.

15

Decl. ¶ 18; Sarrafzadeh Decl. ¶¶ 21-28.)[18]  In this instance, as is typically the case where parties rely upon expert testimony to explain the scope of prior art, summary judgment is not appropriate.  See, e.g., Schroeder v. Owens-Corning Fiberglas Corp., 514 F.2d 901, 904 (9th Cir. 1975).

Lastly, Synopsys argues that even if Kudva contributed ideas regarding logical effort to the inventions, any such contributions were not incorporated into the elements of the patented claims.  (See Opposition to Magma's Summary Judgment Motion at 15-16.)  The dispute as to Kudva's contribution centers on Claim 49 of the '446 patent.  (Reply to Synopsys's Joint Ownership Motion at 6-7.)  The invention set forth in Claim 49, according to Synopsys's expert witness Harris, does not incorporate any contribution allegedly made by Kudva.  (See Harris Reply Decl. ¶¶ 19-22.)  Magma's expert witness Sarrafzadeh counters that logical effort was "the key insight" leading to the invention of gain based synthesis in Claim 49. (See Sarrafzadeh Decl. ¶ 21.)  Again, whether Kudva's alleged contributions are significant as to Claim 49 is a determination requiring a trier of fact to choose between conflicting expert opinions, see, e.g., Schroeder, 514 F.2d at 904, and, consequently, will not be resolved on summary judgment.

### 3. Reduction to practice

Both parties seek summary judgment as to the ownership of the disputed patents based upon reduction to practice.  Magma argues that Synopsys and IBM jointly reduced the inventions to practice.  (See Magma's Summary Judgment Motion at 18-20.)  Synopsys argues that neither Synopsys nor IBM reduced the inventions to practice and, in the alternative, that they did not jointly reduce the inventions to practice.  (See Synopsys's Joint Ownership Motion at 21-22.)

At the outset, Synopsys argues that Magma is barred, by its responses during the course of discovery, from arguing that the inventions underlying the patents at issue were

---

[18] The Court overrules Synopsys's objection that Sarrafzadeh's opinions are not the "product of reliable principles and methods."  Synopsys has not made a sufficient showing that Sarrafzadeh lacks a meaningful understanding of the term "conception" or that he lacks an adequate basis for his opinions.

1   reduced to practice by Synopsys and IBM. (See Synopsys's Joint Ownership Motion at 20-
2   21.)  In particular, Synopsys argues that Magma admitted that the inventions claimed in the
3   '446 and '438 patents were not reduced to practice prior to van Ginneken's resignation from
4   Synopsys. (See Supplemental Responses to Synopsys's First Set of Requests for
5   Admissions at 4-6.)  Magma is bound by its admissions. See Fed. R. Civ. P. 36(b).  These
6   admissions, however, do not bar Magma from arguing that the inventions were reduced to
7   practice by Synopsys and IBM following van Ginneken's resignation in May 1997.  Although
8   Synopsys further argues that Magma admitted the disputed inventions contained in the
9   '446 and '438 patents were reduced to practice with the filing of Magma's patent
10  applications, (see Supplemental Response to Synopsys's First Set of Interrogatories at 2-
11  3), those answers were given in response to interrogatories, rather than to requests for
12  admissions and, consequently, are not binding on Magma. Compare Fed. R. Civ. P. 33(c)
13  with Fed. R. Civ. P. 36(b).  Moreover, the responses at issue are ambiguous, in that
14  Magma, when describing reduction to practice, identifies both the filing of patent
15  applications by Magma and the participation of van Ginneken and Kudva. (See
16  Supplemental Response to Synopsys's First Set of Interrogatories at 2-3.)  In short,
17  Magma's responses to interrogatories do not bar Magma from arguing the inventions were
18  reduced to practice jointly by Synopsys and IBM.
19          Turning to the merits of the parties' respective positions, the parties agree that
20  reduction to practice occurs when an inventor (1) constructs an embodiment or performs a
21  process that meets every element of the claim and (2) the embodiment or process operates
22  for its intended purpose. See Eaton v. Evans, 204 F.3d 1094, 1097 (Fed. Cir. 2000).  The
23  parties disagree as to whether Magma has presented sufficient evidence that Synopsys
24  and/or IBM were successful in reducing the subject invention to practice.
25          In support of its motion, Magma submits evidence both as to the purpose of the
26  invention and the efforts of Synopsys and IBM to fulfil that purpose by reducing it to
27  practice. (See Opposition to Synopsys's Joint Ownership Motion at 14-16.)  Joint inventors
28  need "not work together or at the same time," provided that both inventors "contribute in

17

some significant manner to the conception or reduction to practice of the invention." <u>Pannu v. Iolab Corp.</u>, 155 F.3d 1344, 1351 (Fed. Cir. 1998).  Here, there is evidence that Synopsys sought to demonstrate, through implementation of the subject inventions, that gain based synthesis could work with placement, (<u>see</u> Damiano Dep. Oct. 18, 2005 at 162:18-163:13);[19] to that end, Synopsys and IBM jointly assembled a team of engineers to implement the constant delay paradigm in Synzilla, a joint project, (<u>see</u> Kudva Dep. at 63:21-64:25);[20] [21] and that the team was successful in accomplishing its purpose, (<u>see</u> Damiano Dep. at 168:4-20).  Additionally, Magma submits evidence that during the term of the JDA, numerous components developed either jointly or entirely by IBM employees were incorporated into Synzilla, (<u>see</u> Damiano Dep. at 47:23-48:19), as well as significant amounts of code provided by IBM employees, (<u>see</u> Puckett Decl. Exh. 32).

Although such evidence is sufficient to defeat Synopsys's motion on the issue of reduction to practice, it is not sufficient to entitle Magma to summary judgment on that issue.  Synopsys has submitted evidence that neither Synopsys nor IBM ever implemented a prototype that could achieve timing closure, (<u>see</u> Harris Decl. ¶¶ 62-69), and that, in any event, any level of implementation was accomplished by Synopsys acting alone, (<u>see</u> Shenoy Decl. ¶ 83:2-14).  In that regard, Synopsys has submitted additional evidence that, for example, all IBM code in Synzilla had been replaced by internally-written code prior to any reduction to practice, (<u>see</u> Camposano Dep. at 173:23-175:23).  Further, the parties have submitted conflicting expert analyses with respect to IBM's contributions. (<u>See</u> Harris Decl. ¶¶ 57-60; Sarrafzadeh Decl. ¶¶30, 37); <u>see also</u> <u>Schroeder</u>, 514 F.2d at 904.  Accordingly, a triable issue remains as to reduction of practice.

---

[19] The Deposition of Robert Damiano is Exhibit 1 of Exhibits 1-6 to the Declaration of Christopher D. Catalano, filed November 4, 2005.

[20] These excerpts from the Deposition of Prabhakar Nandahar Kudva are Exhibit 8 of Exhibits 2-6, 8, . . . and 42-44 to the Declaration of Nora M. Puckett in Support of Magma's Summary Judgment Motion.

[21] The Court overrules Synopsys's objection to Kudva's testimony.  Kudva established sufficient foundation for his personal knowledge of the composition of the Synzilla group.

**CONCLUSION**

For the reasons set forth above, Synopsys's Estoppel by Contract Motion, Synopsys's Judicial and Quasi-Estoppel Motion, and Synopsys's Joint Ownership Motion are hereby DENIED.  Magma's Summary Judgment Motion is hereby DENIED.

This order terminates Docket Nos. 353, 462, 471, and 473.

**IT IS SO ORDERED.**

Dated: March 30, 2006

MAXINE M. CHESNEY
United States District Judge