1  Martin Quinn
2  JAMS
   Two Embarcadero Center, Suite 1500
3  San Francisco, CA 94111
   Telephone: (415) 982-5267
4  Fax: (415) 982-5287
5  Special Master

ORIGINAL

**FILED**

APR 1 8 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC,<br><br>Plaintiff,<br><br>vs.<br><br>MAGMA DESIGN AUTOMATION, et al.,<br><br>Defendants. | Case No. C-04-03923 MMC<br>JAMS Reference No. 1100046650<br><br>**SPECIAL MASTER'S ORDER NO. 2: MAGMA'S MOTION FOR LEAVE TO WITHDRAW RESPONSES TO REQUESTS FOR ADMISSION NOS. 7, 8, 11, 12, 52 AND 53, AND TO SERVE AMENDED RESPONSES** (Hrg. 4/12/06) |

Magma's motion to withdraw its responses to Requests for Admission Nos. 7, 8, 11, 12, 52 and 53, and to serve amended responses, was heard by Special Master Martin Quinn at JAMS San Francisco on April 12, 2006. Counsel for both parties attended and presented argument. Having reviewed and considered the written and oral arguments presented, the Special Master now makes the following order.

//

//

SPECIAL MASTER'S ORDER NO. 2
1

## CIRCUMSTANCES OF THIS MOTION

This motion for relief under FRCP 36(b) primarily addresses four admissions by Magma to Request Nos. 8, 12, 52 and 53[1]. Magma admitted in April 2005 that the inventions claimed in the '446 and '438 Patents were "reduced to practice before Lukas van Ginneken resigned from Synopsis," and admitted that Magma "was the first company to reduce the inventions [in the two patents] to practice." (Magma Exh. 6 & 7). Magma asserts that documents produced by Synopsis in June-October 2005 and testimony by Synopsis and Intel witnesses in the Fall of 2005 conclusively show that, if its admissions are interpreted to include "actual" reduction to practice, they are wrong. Magma argues that the evidence now shows that the inventions in question were <u>actually</u> reduced to practice before Dr. van Ginneken left Synopsis. Magma asserts that its incorrect responses to ambiguous RFA's must not bar it from presenting this evidence to prove that (1) Synopsis and IBM jointly reduced the inventions to practice at Synopsis, (2) IBM was a joint owner of the patents, and (3) IBM later assigned the patents to Magma.

This motion comes before the Special Master under unusual circumstances. First, it seeks to alter sworn admissions less than two weeks before trial. Second, Magma argued the same issues to Judge Chesney in November 2005 on the parties' cross-motions for summary judgment. (Magma, Exh. 15, pp. 17-20) Magma asked the court to construe its admissions to refer only to "constructive" reduction to practice, and <u>not</u> to be admissions regarding "actual" reduction to practice. Alternatively, Magma asked the court to grant it leave to "clarify and amend" its responses (Magma Exh. 15, pp. 19, fn. 9). Judge Chesney's order denying those

---

[1] Magma's responses to Nos. 7 and 11 were denials.

SPECIAL MASTER'S ORDER NO. 2
2

motions implicitly declined Magma's invitation to construe them as addressing only "constructive" reduction, and stated, "Magma is bound by its admissions." (Magma, Exh. 16, p. 17). Judge Chesney did not explicitly address Magma's request that it be allowed to amend its responses.

Magma has now explicitly asked the Special Master for leave under Rule 36(b) to amend its responses. Since Judge Chesney was not asked to, and did not, rule on that discovery issue, and since the Special Master has been tasked with ruling on all discovery issues, he now addresses Magma's amendment request squarely despite the raising of the same issue on the summary judgment motions.

## BACKGROUND FACTS

The facts can be most succinctly presented with a chronology.

| | |
|---|---|
| December 2004 | Synopsis serves RFA's, Sets One and Two (Magma, Exh. 2 & 3) |
| January 10 and 18, 2005 | Magma objects to RFA Nos. 7, 8, 11, 12, 52 and 53 as ambiguous in that they failed to distinguish between "actual" and "constructive" reduction to practice. (Magma, Exh. 4 & 5) |
| January 25, 2005 | In its meet-and-confer letter Synopsis refused to rewrite its RFA's to make that distinction, and told Magma that its response could make that distinction if necessary. (Synopsis Exh. E) |
| March 2005 | Synopsis moved to compel further responses on an unrelated issue. (Synopsis Exh. F) The parties stipulated and the court ordered Magma to respond further. (Synopsis Exh. G) |
| April 1, 2005 | Magma served amended RFA responses in which it admitted that the inventions in question had not been reduced to practice at |

| | |
|---|---|
| | Synopsis before Dr. van Ginneken departed. (Magma, Exh. 6 & 7) |
| | Although its responses incorporated by reference its prior objections that the requests were ambiguous in not distinguishing between "actual" and "constructive" reduction to practice, its actual responses were unqualified admissions, drawing no distinction between the two types of reduction to practice. Simultaneously, Magma served an amended response to Interrogatory No. 1, which stated that certain of the claims in the two patents had been <u>constructively</u> reduced to practice, with no mention of any actual reduction to practice. (Magma Exh. 8) |
| April 25, 2005 | Counsel held a meet-and-confer session which was transcribed. (Magma, Exh. 10 and Synopsis Exh. N) |
| | Counsel for Synopsis made clear that it interpreted Magma's admission to refer to all reduction to practice, both "actual" and "constructive." Magma's counsel said they disagreed. And in the context of discussing interrogatory responses Magma implied that it intended the admissions to refer only to "constructive" reduction to practice. Neither counsel tried to reconcile these differing interpretations. (Synopsis Exh. N, p. 12) |
| June-October 2005 | Pursuant to a June court order, Synopsis produced documents pertaining to the collaboration between Synopsis and IBM. Many documents were produced in June, but the last source code was not produced to Magma until October. In October, according to |

|   |   |
|---|---|
|   | Magma, the 30(b)(6) witness for Synopsis admitted that joint work by IBM and Synopsis on Synzilla reduced the claims of the patents to practice before Dr. van Ginneken left Synopsis. |
| November 2005 | Both parties moved for summary judgment. Magma argued that its admissions referred only to "constructive" reduction to practice, and if the court believed otherwise, Magma asked for leave to move to amend its responses. |
| November 2005-March 2006 | The parties conducted extensive expert discovery and trial preparation. In January an Intel witness testified that in late 1996 – before Dr. van Ginneken left Synopsis – Synopsis had agreed to license Synzilla to Intel, which demonstrated that the inventions in question had been actually redcued to practice. |
| March 30, 2006 | The court denied both summary judgment motions, and stated that Magma was bound by its admissions. |

## ANALYSIS

A. <u>Magma's motion was not made promptly</u>

A party seeking relief from an admission under Rule 36(b) must move as promptly as possible. Here, Magma knew from at least the meet-and-confer session on April 25, 2005 that it and Synopsis interpreted Magma's admissions differently. Even if it lacked information in the possession of Synopsis about actual reduction to practice, Magma could have moved to allow it admit only "constructive" reduction, and to state that it was without information necessary to enable it to admit or deny the requests with respect to "actual" reduction. Magma says now that it didn't move at that time because it thought it was obvious that its admissions, particularly

SPECIAL MASTER'S ORDER NO. 2
5

taken together with its response to Interrogatory No 1, so obviously referred only to "constructive" reduction. But that explanation rings hollow given the flat-out statement by Synopsis's lawyer at the meet-and-confer session on April 25 that he took the admission to refer to "actual" reduction as well.

Magma had another clear opportunity to move for relief in November 2005 when it was obvious from the summary judgment briefs that there was a fundamental dichotomy between the parties as to the meaning of the admissions. Magma knew full well at that time that its admissions risked being interpreted to encompass both types of reduction to practice. Yet Magma waited for four months to bring this motion until after Judge Chesney ruled on the summary judgment motions, evidently hoping she would buy Magma's interpretation.

B.  Magma's interpretation of its admissions is implausible

Both parties failed to avail themselves of easy ways to avoid this known problem. When Magma first objected to the requests as ambiguous because they did not distinguish between actual and constructive reduction to practice, Synopsis could easily have reworded its requests to make that distinction. It was not obliged to do so, but a party desiring clear answers might well have done so. For its part, Magma could as stated above have admitted the requests as to "constructive" reduction, and then truthfully stated that it lacked information sufficient to enable it to admit or deny the requests as to "actual" reduction.

In fact, Magma's admissions are unrestricted. Viewed grammatically they can be read only to encompass all forms of reduction to practice. Particularly after Magma objected that the requests were ambiguous, it was incumbent on it to explicitly call out any limitation on its admissions. The interrogatory response which it simultaneously filed cannot implicitly limit the

effect of its unrestricted admissions – the interrogatory response just makes it more odd that Magma did not unambiguously limit its admissions.

### C. Allowing Magma to withdraw its response would prejudice Synopsis

Synopsis argues that its experts have heavily relied on Magma's admissions in framing their opinions, and in slighting areas of inquiry they otherwise would have delved into. From the examples provided on this motion, the Special Master is underwhelmed by the depth of reliance by the Synopsis experts. Dr. Harris does not mention the admissions in his declaration (Synopsis Exh. 2), and makes only glancing reference to them in his expert report (Synopsis Exh. 8, ¶¶ 22, 28). Dr. Damiano mentions the admissions only as an afterthought (Synopsis Exh. 3, ¶40). Mr. Shenoy does not mention them in his declaration (Synopsis Exh. 4). Synopsis also notes that it has not noticed any depositions of IBM engineers on this subject, but its counsel attended the IBM depositions taken by Magma and had every opportunity to ask questions.

Nonetheless, it stands to reason that Synopsis framed its trial preparation and expert presentations on the rational assumption that Magma's admissions took "actual" reduction prior to Dr. van Ginneken's departure from Synopsis out of the case. Of course, Synopsis knew as well as Magma that there was an elephant in the room that neither party wanted to acknowledge or do anything about – the differing interpretations that they had of Magma's admissions. But until a court allowed those admissions to be altered, Synopsis was entitled to rely on their clear linguistic meaning as applying to both forms of reduction to practice.

Moreover, even if the prejudice to Synopsis is not as dire as it argues, if Magma amended its admissions Synopsis would have a strong argument that it should be allowed time to conduct some discovery, and to reframe expert reports to some extent. That will surely result in a continuance of the trial. Plainly, such disruption to the plans of the parties, witnesses, counsel

SPECIAL MASTER'S ORDER NO. 2
7

and the court days before trial should not be permitted lightly, and certainly not when Magma could have easily avoided the problem in the first place and had opportunities to make this motion many months earlier than it did.

D. <u>The prejudice to Magma could have been avoided</u>

Magma makes a sympathetic argument that it is unfair to bind it to its year-old admissions, in the face of more recent evidence that may demonstrate those admissions as applied to "actual" reduction to practice to have been wrong. Doing so, Magma argues, defeats the objective of trying a case on its factual merits, and allows procedural rules to obscure the truth. Moreover, Magma notes that the evidence that shows its admissions to have been wrong was wholly in the possession of Synopsis. Magma plausibly speculates that Synopsis was trying to "game" the case by tricking Magma into making far broader admissions than it intended while it delayed in producing critical evidence.

However, Magma had it easily within its power to avoid the dilemma in which it finds itself. As noted above, it could have either framed its admissions so as to encompass only "constructive" reduction. And even if it did not perceive in April 2005 the need to make that distinction, it surely did by early Fall 2005 – and could and should have made a Rule 36(b) motion at that time.

## ORDER

Accordingly, good cause appearing, IT IS ORDERED that Magma's motion to withdraw its responses to Requests for Admission Nos. 7, 8, 11, 12, 52 and 53, and to amend those responses, is DENIED.

Dated: April 17, 2006

Martin Quinn, Esq.
Special Master