1   Martin Quinn
2   JAMS
    Two Embarcadero Center, Suite 1500,
3   San Francisco, CA 94111
    Telephone: (415) 982-5267
4   Fax: (415) 982-5287

5   Special Master

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12  SYNOPSYS, INC,                          Case No. C-04-03923 MMC
13                                          JAMS Reference No. 1100046650
            Plaintiff,
14                                          **SPECIAL MASTER'S ORDER NO.**
15  vs.                                     **3: SYNOPSYS'S MOTION TO**
                                            **INITIATE NON-OWNERSHIP**
16  MAGMA DESIGN AUTOMATION,                **DISCOVERY (Hrg. 8/21/06)**
    et al.,
17
18          Defendants.

19
        Synopsys' motion for leave to commence discovery concerning topics other than those
20
21  under submission for decision following the close of briefing in the Ownership Trial phase was

22  heard by telephone conference call by Special Master Martin Quinn at JAMS San Francisco on

23  August 21, 2006. Counsel for both parties participated and presented argument. Having

24  reviewed and considered the written and oral arguments presented, the Special Master now

25  makes the following order.
26
27  //

28  //


                                            1

SPECIAL MASTER'S ORDER NO. 3

## RELEVANT FACTS

In March 2006 the parties agreed to bifurcate the trial into two stages: the issue of who owned the patents in question, and everything else. They entered into a Stipulation and Order for Trial on Ownership Issues and Pretrial Schedule on March 13, 2006 (the "3/13/06 Order"). That Order provided that "all remaining discovery on non-ownership issues [would be deferred] until after the Ownership Trial is resolved...."

Also on 3/13/06, the Special Master issued Order No. 1, which allowed Synopsys to conduct certain discovery of Magma and some of its outside law firms relevant to the issue of "willful infringement." Order No. 1 did not address the timing of such discovery.

Two weeks later, on 3/27/06, the parties entered another Stipulation and Order Regarding Ownership Trial (the "3/27/06 Order"), which clarified that Magma's bona fide purchaser defense would not be part of the Ownership Trial, and provided that all discovery authorized by Order No. 1 "shall be deferred until after the conclusion of the Ownership Trial."

Open court proceedings in the Ownership Trial concluded on May 10, 2006. Post-trial briefing closed on June 30, 2006. The matter is now under submission to the court.

In mid-July Synopsys asked Magma to provide discovery as authorized by Order No. 1, including eleven depositions of Magma and non-party outside law firms, production of documents from Magma and the law firms, and revision of Magma's privilege log. Magma responded that no discovery was permissible until after Judge Chesney had ruled in the Ownership Trial.

## ANALYSIS

This motion raises a legal issue of how to interpret the two Orders of March 13 and 27, and practical issues of how to manage further discovery sensibly and efficiently.

2

SPECIAL MASTER'S ORDER NO. 3

The 3/13 Order defers discovery until "resolution" of the Ownership Trial; the 3/27 Order defers it until "conclusion" of the Trial. Magma argues that the parties intended to defer discovery until the court had <u>resolved</u> the ownership of the patents. Synopsys argues that they intended to defer it only until counsel could catch their breaths after the trial proceedings and briefing had <u>concluded</u>. Magma further argues that the court's decision on the ownership issue will impact the scope of, and need for, further discovery. Synopis argues that the ownership ruling will make no difference at all in the need for future discovery.

The Special Master concludes, based on a reading of the two March Orders together and common sense, that the parties intended to defer discovery until after the court has <u>ruled</u> on the ownership issues, that is until the ownership issues have been "resolved." The Special Master further concludes that the ruling on the ownership issues may impact the scope of future discovery. For both those reasons, the Special Master will require the parties to defer <u>active discovery</u> until the trial court enters its decision on ownership.

However, practical considerations dictate that the parties not remain entirely idle with respect to discovery while they await the court's ruling. Unless Magma's arguments on the standing issue and the viability of the state law claims entirely prevail, Order No. 1 will require Magma and certain of its law firms to produce more documents, and will require Magma to review and revise its privilege log. The Special Master wants to avoid a long delay after the court's ownership ruling so that Magma can prepare itself to provide this additional discovery, should it be needed.

Therefore, it makes sense for the parties to meet and confer about which additional documents from Magma's privilege log are being requested, and for Magma to begin the task of collecting <u>from its own records</u> the documents that Order No. 1 will require it to produce. The

3

SPECIAL MASTER'S ORDER NO. 3

Special Master would like Magma to be in a position to produce additional documents from its own records, if any are required, within 30-45 days following the court's ruling on ownership. Magma is not required at this point to start assembling documents from outside law firms, but it may think it prudent to begin that process in a way that doesn't unduly intrude on the law firms.

ORDER

Accordingly, good cause appearing, IT IS ORDERED that:

1. Synopsys's motion to require Magma to provide discovery immediately is DENIED. No active discovery shall take place until after the trial court has ruled on ownership issues.

2. Synopsys shall provide Magma by September 7, 2006 with as much detail as possible concerning the logged privileged documents it believes Magma should produce. The parties shall meet and confer about the Synopsys requests, and Magma shall ready itself to produce such documents as appropriate shortly after the ownership ruling. The parties shall bring any unresolved disputes to the Special Master's attention.

3. Magma shall begin to assemble from its own records documents that Order No. 1 requires it to produce, so that it will be ready to produce such documents shortly after the ownership ruling.

4. The Special Master will hold a telephone status conference with counsel on Monday, September 25, at 10:00 am to review the status of these efforts.

Dated: August 24, 2006

Martin Quinn
Special Master

## *PROOF OF SERVICE BY MAIL*

I, Claire Vranicar, not a party to the within action, hereby declare that on August 25,

2006 I served the attached Special Master's Order No. 3: Synopsys's Motion to Initiate

Non-Ownership Discovery on the parties in the within action by depositing true copies thereof

enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, at San

Francisco, California, addressed as follows:

Chris Scott Graham Esq.
Dechert LLP
1117 California Ave.
Palo Alto, CA 94304-1106  USA

George A. Riley Esq.
O'Melveny & Myers LLP
275 Battery St.
Suite 2500
San Francisco, CA 94111-3305

Joseph Spero
U.S. District Court
Northern District
450 Golden Gate Avenue
San Francisco, CA 94102-3483

Luann L. Simmons Esq.
O'Melveny & Myers LLP
275 Battery St.
Suite 2500
San Francisco, CA 94111

Michael Edelman Esq.
Dechert LLP
1117 California Ave.
Palo Alto, CA 94304-1106  USA

Christopher D. Catalano Esq.
O'Melveny & Myers LLP
275 Battery St.
Suite 2500
San Francisco, CA 94111

Maxine Chesney
United States District Court
Northern District of California
450 Golden Gate Ave, 16th Floor, Rm.1111
San Francisco, CA 94102  USA

Nora M. Puckett
O'Melveny & Myers LLP
275 Battery St.
Suite 2500
San Francisco, CA 94111

I declare under penalty of perjury the foregoing to be true and correct. Executed at
San Francisco, CALIFORNIA on August 25, 2006.

Signature