IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MAGMA DESIGN AUTOMATION, INC., <br><br> Defendant. <br> _____ / | No. C-04-3923 MMC <br><br> **ORDER DENYING WITHOUT PREJUDICE SYNOPSYS'S MOTION FOR PRELIMINARY INJUNCTION; VACATING HEARING** <br><br> (Docket No. 1152) |

     Before the Court is plaintiff Synopsys, Inc.'s ("Synopsys") motion, filed September 1, 2006, for a preliminary injunction requiring defendant Magma Design Automation, Inc. ("Magma") (1) to seek a stay of reexamination of United States Patents Nos. 6,453,446 ("'446 Patent") and 6,725,438 ("'438 Patent") or to transfer ownership of said patents to Synopsys so that Synopsys may participate in the reexamination proceedings, and (2) to refrain from filing a patent owner's statement in the reexamination proceedings. Magma has filed opposition to the motion, to which Synopsys has replied. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), and hereby VACATES the October 6, 2006 hearing.

     In determining whether to grant a motion for preliminary injunction, the Court weighs "four equitable factors: the movant's likelihood of success on the merits; the possibility of irreparable injury to the moving party; the extent to which the balance of hardships favors each party; and whether the public interest will be advanced by granting the preliminary

relief." See Overstreet v. United Brotherhood of Carpenters and Joiners of America, Local Union No. 1506, 409 F.3d 1199, 1207 (9th Cir. 2005). To obtain a preliminary injunction, "a moving party must show either a combination of probable success on the merits and the possibility of irreparable harm or serious questions going to the merits, the balance of hardships tipping sharply in its favor, and at least a fair chance of success on the merits." See id. (internal quotation and citations omitted).

Synopsys has not made an adequate showing of hardship. Although a third party, on August 18, 2006, filed requests for reexamination of the '446 and '438 Patents, (see Graham Decl. Exs. 2 and 3), the United States Patent and Trademark Office ("PTO") has not yet determined whether to issue an order for reexamination of either of said patents. See 35 U.S.C. §§ 303 and 304 (providing PTO must determine, within three months of request for reexamination, whether to issue order for reexamination). Unless and until the PTO issues an order for reexamination, the patent owner of record may not file a response to the request for reeexamination. See 37 C.F.R. § 1.530(a). Moreover, "[i]f a premature statement or other response is filed by the patent owner, it will not be acknowledged or considered in making the determination." See id. Consequently, unless and until the PTO issues an order for reexamination of one or both of the patents, Synopsys will not suffer any injury as a result of its inability to participate in the reexamination process.

Accordingly, Synopsys's motion for a preliminary injunction is hereby DENIED, without prejudice to Synopsys's refiling the motion if and when the PTO issues an order for reexamination.

This order terminates Docket No. 1142.

**IT IS SO ORDERED.**

Dated: September 29, 2006

MAXINE M. CHESNEY
United States District Judge