Chris Scott Graham (State Bar No. 114498)
chris.scott.graham@dechert.com
Justin Boyce (State Bar No. 181488)
justin.boyce@dechert.com
Philip Barilovits (State Bar No. 199944)
philip.barilovits@dechert.com
Daniel Epstein (State Bar No. 240793)
daniel.epstein@dechert.com
**DECHERT LLP**
1117 California Avenue
Palo Alto, CA  94304-1106
Telephone:     650.813.4800
Facsimile:     650.813.4848

Michael Edelman (State Bar No. 172591)
michaeledelman@paulhastings.com
**PAUL HASTINGS, LLP**
Five Palo Alto Square
Sixth Floor
Palo Alto, CA 94306-2155
Telephone:     650.320.1822
Facsimile:     650.320.1922

Attorneys for Plaintiff and Counter-Defendant,
SYNOPSYS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC., a Delaware Corporation,<br><br>Plaintiff and Counter-Defendant,<br><br>vs.<br><br>MAGMA DESIGN AUTOMATION, INC., a Delaware Corporation, and LUKAS VAN GINNEKEN,<br><br>Defendants and Counter-Claimant. | Case No. C 04-03923 MMC (JCS)<br><br>**ORDER GRANTING PLAINTIFF SYNOPSYS, INC.'S RENEWED MOTION FOR PRELIMINARY INJUNCTION**<br><br>(Docket No. 1166) |
| AND RELATED CROSS ACTIONS. | |

[PROPOSED] ORDER GRANTING SYNOPSYS' RENEWED MOTION FOR PRELIM. INJUNC.;
CASE NO. C 04-03923 MMC

Dechert LLP
Attorneys At Law
Palo Alto

13226149.1

The Renewed Motion by Synopsys, Inc. ("Synopys") for Preliminary Injunction Requiring Magma to Transfer Ownership of the Patents to Synopsys ("Motion for Preliminary Injunction") came before the Court, the Honorable Maxine M. Chesney presiding. The Court, having considered the submissions of the parties, and good cause appearing, hereby ORDERS as follows:

"The traditional equitable criteria for granting preliminary injunctive relief are: (1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the [moving party] if injunctive relief is not granted; (3) a balance of hardships favoring the [moving party]; and (4) advancement of the public interest."  Textile Unlimited, Inc. v. A. BMH and Co., Inc., 240 F.3d 781, 786 (9th Cir. 2001).  "[T]he moving party may meet its burden by demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor." Id. (internal quotation and citation omitted).

Here, Synopsys has moved for a preliminary injunction seeking to maintain the status quo relating to Synopsys's property interests in United States Patent No. 6,453,446 ("the '446 Patent") and United States Patent No. 6,725,438 ("the '438 Patent"). The record demonstrates that a request for reexamination of the '438 Patent has been granted, and that Magma, as the sole owner of record title with the PTO, is the only party recognized by the PTO to participate in the capacity of an owner in the reexamination proceedings. Although Magma is the owner of record, the Ownership Trial between the parties will result in Magma being divested of the Patents (either in favor of Synopsys alone, or Synopsys jointly with IBM). As such, Synopsys has demonstrated that its own interests would not be adequately protected unless Magma assigns the Patents to Synopsys now so that Synopsys may defend its interest in the Patents before the PTO.

Synopsys has demonstrated that the balance of hardships tips entirely in favor of Synopsys. Should the reexamination proceed without Synopsys being able to participate as an owner of the Patents, Synopsys may be deprived of its property without a meaningful opportunity to be heard. This potential harm to Synopsys would be irreparable if the requested preliminary injunction were not granted. By contrast, there would be no harm to Magma whatsoever flowing from an order requiring it to proceed as set forth herein. Synopsys has demonstrated that Magma's position in

this action will not be prejudiced in any way by the preliminary injunction because the preliminary injunction does no more than to assure that the disputed property, the '446 and '438 Patents, are held intact pending a decision on the merits of the Ownership Trial.

Synopsys has demonstrated, and Magma has conceded, that Synopsys is likely to succeed on the merits of the issues tried in the Ownership Trial. The record demonstrates that Synopsys is at least a co-owner of the '446 and '438 Patents, and that Magma is not asserting any ownership rights therein.

Under these circumstances, this Court has the authority to grant the relief requested by Synopsys to preserve the status quo. Accordingly, the Court hereby GRANTS Synopsys' Motion for Preliminary Injunction. Magma shall immediately take all necessary steps to withdraw its claim of ownership to the '446 and '438 Patents and to execute a quitclaim assignment transferring title in the Patents to Synopsys.

This order is not intended to reflect a determination as to any rights IBM may have in the subject patents.

IT IS SO ORDERED.

Dated: January 3, 2007

_____
HON. MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE