**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7               IN THE UNITED STATES DISTRICT COURT

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   SYNOPSYS, INC.,                              No. C-04-3923 MMC

11             Plaintiff,                         **ORDER DENYING MAGMA DESIGN**
                                                  **AUTOMATION, INC.'S MOTION FOR**
12      v.                                        **LEAVE TO AMEND ANSWER TO**
                                                  **PLAINTIFF SYNOPSYS, INC.'S THIRD**
13                                                **AMENDED COMPLAINT**
     MAGMA DESIGN AUTOMATION, INC.,
14                                                (Docket No. 571)
             Defendant.
15
                                          /
16

17         Before the Court is defendant Magma Design Automation, Inc.'s ("Magma") motion

18   for leave to amend its answer to plaintiff Synopsys, Inc.'s ("Synopsys") Third Amended

19   Complaint, for the purpose of asserting affirmative defenses that the '446 and '438 patents

20   are invalid.  Synopsys has filed opposition to the motion; Magma has filed a reply.  Having

21   considered the papers submitted in support of and in response to the motion, the Court

22   rules as follows.

23                               **BACKGROUND**

24         Synopsys filed its initial complaint in this action on September 17, 2004, asserting a

25   single claim against Magma for infringement of United States Patents Nos. 6,378,114 ("the

26   '114 patent"), 6,453,446 ("the '446 patent"), and 6,725,438 ("the '438 patent").  On

27   November 24, 2004, Magma filed its Amended Answer to the complaint.

28         Thereafter, Synopsys filed a motion to strike various affirmative defenses and to

1  dismiss one of the counterclaims asserted in Magma's Amended Answer, and a separate

2  motion to dismiss another counterclaim.  In an order filed January 20, 2005 ("January 20

3  Order"), the Court struck the eleventh and sixteenth affirmative defenses, and otherwise

4  denied the motions.  In the eleventh and sixteenth affirmative defenses, Magma purported

5  to reserve the right to contend that both the '446 and '438 patents are invalid and/or

6  unenforceable if the Court ultimately were to find that Magma did not own those patents

7  and if Magma discovered facts suggesting that either of the patents is invalid or

8  unenforceable.  The Court found the eleventh and sixteenth affirmative defenses did not

9  actually assert defenses but, rather, served as "placeholders for affirmative defenses that

10  Magma may or may not seek to assert in the future," and ordered that "[i]f Magma

11  eventually decides that it wishes to allege that the '446 and/or '438 patent is invalid and/or

12  unenforceable, it must move to amend its answer at that time."  (See January 20 Order

13  at 8.)

14        At the January 21, 2005 case management conference, and in the Pretrial

15  Preparation Order filed January 25, 2005, the "[d]eadline to file any motions to amend" was

16  set at "60 days from January 21, 2005," i.e., March 22, 2005 ("amendment deadline").

17  (See Pretrial Preparation Order at 2.)  Magma did not file a motion to amend its answer

18  before said amendment deadline.

19        On August 3, 2005, the parties filed a stipulation permitting Synopsys to file a Third

20  Amended Complaint.  On that same date, Synopsys filed its Third Amended Complaint.

21        On August 23, 2005, the Court issued an order construing the disputed claims of the

22  three patents at issue.

23        On September 2, 2005, Magma filed its answer to the Third Amended Complaint,

24  including therein various new affirmative defenses and counterclaims not previously

25  asserted in the Amended Answer it had filed on November 24, 2004.

26        Synopsys thereafter moved to strike various affirmative defenses and counterclaims,

27  on the ground that Magma improperly added said defenses and counterclaims to its answer

28  without first seeking leave of court.  On October 19, 2005, the Court granted the motion in

2

1  part and denied it in part.  In particular, as relevant to the instant motion, the Court struck

2  without prejudice the eleventh, twelfth, eighteenth, nineteenth, and twenty-ninth affirmative

3  defenses, by which defenses Magma asserted various legal grounds for finding the '446

4  and '438 patents invalid.

5          Magma thereafter filed the instant motion, by which it seeks leave to include the

6  stricken eleventh, twelfth, eighteenth, nineteenth, and twenty-ninth affirmative defenses in a

7  First Amended Answer to the Third Amended Complaint.  In the eleventh and eighteenth

8  affirmative defenses, Magma asserts that the '446 and '438 patents "are invalid because

9  they fail to satisfy the conditions for patentability of 35 U.S.C. §§ 102 and 103 because,

10  without limitation, the alleged inventions are taught by, suggested by, anticipated by, and

11  obvious in view of the prior art, no claim of the [subject patents] can be validly construed to

12  cover any Magma product or process, and the inventorship of the [subject patents] is

13  incorrect."  (See Sapoznikow Decl. Ex. 1 at 13, 16.)  In the twelfth and nineteenth

14  affirmative defenses, Magma asserts that the '446 and '438 patents are invalid for failure

15  "to satisfy one or more of the requirements of 35 U.S.C. § 112" on the ground that "(a) the

16  specification does not contain a written description of the invention and of the manner and

17  process of making and using it, in such full, clear, concise, and exact terms as to enable

18  any person skilled in the art to which it pertains, or with which it is most nearly connected,

19  to make and use the same; and (b) the specification does not set forth the best mode

20  contemplated by the inventor of carrying out his invention."  (See id.)  In the twenty-ninth

21  affirmative defense, Magma contends that Synopsys "is not an owner of any invention

22  defined by the claims of the '446 or '438 patents" because "[t]o the extent that certain

23  claims in the '446 or '438 patents are described in . . . Synopsys documents . . . those

24  claims, read in light of the Court's August 23, 2005 Claims Construction Order, are invalid

25  based on the prior art."  (See id. at 20.)

26                                          **LEGAL STANDARD**

27          Generally, Rule 15 of the Federal Rules of Civil Procedure governs the amendment

28  of pleadings, including answers.  Rule 15(a) provides that the party seeking amendment

1   "may amend the party's pleading only by leave of court or by written consent of the adverse

2   party; and leave shall be freely given when justice so requires."  See Fed. R. Civ. P. 15(a).

3           Where, however, the Court has issued a scheduling order establishing a deadline for

4   amendments to the pleadings, and a party seeks leave to file an amended pleading after

5   such deadline has passed, the "more stringent" standards of Rule 16(b), not those of Rule

6   15(a), apply.  See AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 953 (9th

7   Cir. 2006); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).

8   Under Rule 16(b), "[a] schedule shall not be modified except upon a showing of good cause

9   and by leave of the district judge."  See Fed. R. Civ. P. 16(b).

10          "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the

11  party seeking to interpose an amendment and the prejudice to the opposing party, Rule

12  16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the

13  amendment."  See Johnson, 975 F.2d at 609.  "The district court may modify the pretrial

14  schedule if it cannot reasonably be met despite the diligence of the party seeking the

15  extension."  See id. (internal quotation and citation omitted).

16                                        **DISCUSSION**

17          Magma argues that its assertion of invalidity defenses is timely, despite Magma's

18  failure to seek leave to amend its answer prior to the March 22, 2005 amendment deadline,

19  because the invalidity defenses did not arise until the Court, on August 23, 2005, construed

20  the claims of the subject patents.  Additionally, Magma argues, Synopsys produced new

21  evidence after the date of the Court's claim construction, which evidence suggests that the

22  '446 and '438 patents are invalid pursuant to the "on-sale bar" of 35 U.S.C. § 102(b).  In

23  particular, Magma cites to the deposition of Robert Damiano ("Damiano"), wherein

24  Damiano testified Synopsys offered Synzilla to Intel in the fall of 1996, more than one year

25  before the December 24, 1997 filing of the patent application that ultimately led to issuance

26  of the '446 and '438 patents.

27          Synopsys argues that even assuming, arguendo, Magma has shown good cause for

28  failing to seek leave to amend its answer prior to the amendment deadline, Magma

                                                4

1  nonetheless is barred, pursuant to the doctrine of assignor estoppel, from challenging the

2  validity of the '446 and '438 patents.  For the reasons set forth below, the Court finds

3  Synopsys's argument persuasive.

4        Where an inventor assigns an invention for value, the doctrine of assignor estoppel

5  prohibits the inventor, and anyone in privity with the inventor, from contesting the validity of

6  a patent that issues on the assigned invention.  See, e.g., Q.G. Products, Inc. v. Shorty,

7  Inc., 992 F.2d 1211, 1212-1214 (Fed. Cir. 1993).  "Without exceptional circumstances

8  (such as an express reservation by the assignor of the right to challenge the validity of the

9  patent or an express waiver by the assignee of the right to assert assignor estoppel)," an

10  inventor who assigns an invention "surrenders with that assignment the right to later

11  challenge . . . validity."  See Mentor Graphics Corp. v. Quickturn Design Systems, Inc., 150

12  F.3d 1374, 1378 (Fed. Cir. 1998).  The assignor's "implicit representation" that the "rights

13  that he is assigning (presumably for value) are not worthless . . . sets the assignor apart

14  from the rest of the world and can deprive him of the ability to challenge later the validity of

15  the patent."  Diamond Scientific Co. v. Ambico, Inc., 848 F.2d 1220, 1224 (Fed. Cir. 1988).

16        The Court previously has determined that Lukas van Ginneken ("van Ginneken") is

17  one of the inventors of the '446 and '438 patents, and that van Ginneken assigned to

18  Synopsys his interest in the inventions described in the subject patents.  (See

19  Memorandum of Decision; Findings of Fact and Conclusions of Law re: Patent Ownership,

20  filed Jan. 31, 2007, at 45-46.)  Because van Ginneken entered into the assignment "[i]n

21  consideration of [his] employment by the Company and the compensation received by [him]

22  from the Company from time to time," (see Edelman Decl. Ex. 1 ¶ 3), such assignment was

23  for value.  See Diamond Scientific, 848 F.2d at 1225 (finding assignment for value where

24  inventor "assigned the rights to his inventions . . . in exchange for . . . one dollar plus other

25  unspecified consideration – presumably his salary over many years and other employment

26  benefits").  Accordingly, the doctrine of assignor estoppel bars van Ginneken from

27  challenging the validity of the '446 and '438 patents.

28        The remaining issue is whether Magma is in privity with van Ginneken and, thus,

5

1  also barred from challenging the validity of the subject patents.  Assignor estoppel

2  "operates to bar other parties in privity with the assignor[.]"  See id.  "If an inventor assigns

3  his invention to his employer company A and leaves to join company B, whether company

4  B is in privity and thus bound by the doctrine will depend on the equities dictated by the

5  relationship between the inventor and company B in light of the act of infringement."  See

6  Shamrock Technologies, Inc. v. Medical Sterilization, Inc., 903 F.2d 789, 793 (Fed. Cir.

7  1990).  "The closer that relationship, the more the equities will favor applying the doctrine to

8  company B."  Id.  "What is significant is whether the ultimate infringer availed itself of the

9  inventor's knowledge and assistance to conduct infringement."  See Intel Corp. v. U.S.

10  International Trade Commission, 946 F.2d 821, 839 (Fed. Cir. 1991) (internal quotation and

11  citation omitted).

12       The Court previously has held that Magma and van Ginneken are in privity for

13  purposes of applying the doctrine of assignor estoppel to preclude Magma from challenging

14  the validity of the '114 patent.  (See Order Granting Synopsys's Motion for Partial Summary

15  Judgment Based on Doctrine of Assignor Estoppel, filed July 1, 2005.)  In so holding, the

16  Court relied on Magma's admissions that (1) van Ginneken was a "co-founder," "Principal

17  Engineer," and "key employee" of Magma, (2) van Ginneken "was directly involved in the

18  design and development" of four Magma products that Synopsys contends infringe the '114

19  patent, specifically, Blast Fusion, Blast Create, Blast Plan, and Blast Noise, (3) Magma

20  "availed itself of [ ] van Ginneken's knowledge and assistance in the design" of said

21  products, and (4) van Ginneken was "instrumental in taking Blast Fusion from a concept to

22  a production-ready software used worldwide."  (See id. at 6-8.)

23       All of the admissions referenced above are equally applicable to the instant motion,

24  because Synopsys accuses the four above-referenced Magma products of infringing not

25  only the '114 patent but also the '446 and '438 patents.  (See Edelman Decl. Ex. 17.)

26  Consequently, the factual basis for the Court's order finding Magma and van Ginneken in

27  privity for purposes of applying assignor estoppel to bar Magma from challenging the

28  validity of the '114 patent also supports a finding that Magma and van Ginneken are in

1 privity for purposes of applying assignor estoppel to bar Magma from challenging the

2 validity of the '446 and '438 patents.  As Synopsys notes, "there is simply nothing

3 concerning the issue of assignor estoppel that is left for the parties to litigate."  (See Opp.

4 at 24:5-7.)

5       Accordingly, because the doctrine of assignor estoppel precludes Magma from

6 challenging the validity of the '446 and '438 patents, the Court will DENY Magma's motion

7 for leave to amend its answer to assert affirmative defenses challenging the validity of the

8 subject patents.[1]

9 **CONCLUSION**

10       For the reasons stated above, Magma's motion for leave to amend its answer is

11 hereby DENIED.

12       This order terminates Docket No. 571.

13       **IT IS SO ORDERED.**

14 Dated: February 6, 2007

                  MAXINE M. CHESNEY

15                   United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27       [1] In light of this ruling, the Court does not reach Synopsys's additional argument that the doctrine of judicial estoppel bars Magma from challenging the validity of the subject

28 patents.