IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., | No. C-04-3923 MMC |
| Plaintiff, | **ORDER DENYING MAGMA DESIGN AUTOMATION, INC.'S MOTION FOR RECONSIDERATION AND FOR LEAVE TO AMEND** |
| v. | |
| MAGMA DESIGN AUTOMATION, INC., | (Docket No. 840) |
| Defendant. | |
| _____/ | |

Before the Court is defendant Magma Design Automation, Inc.'s ("Magma") motion for reconsideration of the Court's October 19, 2005 order striking Magma's affirmative defense of unclean hands, and for leave to amend Magma's answer to plaintiff Synopsys, Inc.'s ("Synopsys") Third Amended Complaint, for the purpose of asserting an affirmative defense of unclean hands. Synopsys has filed opposition to the motion; Magma has filed a reply. Having considered the papers submitted in support of and in response to the motion, the Court rules as follows.

### BACKGROUND

Synopsys filed its initial complaint in this action on September 17, 2004, asserting a single claim against Magma for infringement of United States Patents Nos. 6,378,114 ("the '114 patent"), 6,453,446 ("the '446 patent"), and 6,725,438 ("the '438 patent"). On November 24, 2004, Magma filed its Amended Answer to the complaint.

Thereafter, Synopsys filed a motion to strike various affirmative defenses and to dismiss one of the counterclaims asserted in Magma's Amended Answer, and a separate motion to dismiss another counterclaim.  In an order filed January 20, 2005 ("January 20 Order"), the Court struck the eleventh and sixteenth affirmative defenses, and otherwise denied the motions.  In the eleventh and sixteenth affirmative defenses, Magma purported to reserve the right to contend that both the '446 and '438 patents are invalid and/or unenforceable if the Court ultimately were to find that Magma did not own those patents and if Magma discovered facts suggesting that either of the patents is invalid or unenforceable.  The Court found the eleventh and sixteenth affirmative defenses did not actually assert defenses but, rather, served as "placeholders for affirmative defenses that Magma may or may not seek to assert in the future," and ordered that "[i]f Magma eventually decides that it wishes to allege that the '446 and/or '438 patent is invalid and/or unenforceable, it must move to amend its answer at that time." (See January 20 Order at 8.)

At the January 21, 2005 case management conference, and in the Pretrial Preparation Order filed January 25, 2005, the "[d]eadline to file any motions to amend" was set at "60 days from January 21, 2005," i.e., March 22, 2005 ("amendment deadline"). (See Pretrial Preparation Order at 2.)  Magma did not file a motion to amend its answer before said amendment deadline.

On August 3, 2005, the parties filed a stipulation permitting Synopsys to file a Third Amended Complaint.  On that same date, Synopsys filed its Third Amended Complaint.

On September 2, 2005, Magma filed its answer to the Third Amended Complaint ("TAC Answer"), including therein various new affirmative defenses and counterclaims not previously asserted in the Amended Answer it had filed on November 24, 2004.

Synopsys thereafter moved to strike various affirmative defenses and counterclaims, on the ground that Magma improperly added said defenses and counterclaims to its answer without first seeking leave of court.  On October 19, 2005, the Court granted the motion in part and denied it in part.  In particular, as relevant to the instant motion, the Court struck

Magma's fourteenth and twenty-first affirmative defenses, in which Magma contended, respectively, that the '446 and '438 patents are unenforceable due to inequitable conduct in the prosecution of those patents before the PTO; the Court also struck Magma's twenty-sixth affirmative defense, in which Magma contended "Synopsys's claims are barred by the doctrine of unclean hands, because to the extent Synopsys has any valid ownership interest in the '446, '438 and '114 Patents, Synopsys has engaged and continues to engage in conduct intentionally designed to deny IBM its ownership rights in the '446, '438 and '114 Patents." (See TAC Answer ¶¶ 160, 167, 172; Order Granting in Part and Denying in Part Synopsys's Motion to Strike Certain Affirmative Defenses and to Dismiss Certain Counterclaims at 6-7.)

      The Court struck the inequitable conduct affirmative defenses on the ground that Magma had violated the Court's January 20, 2005 order, in which the Court expressly stated: "If Magma eventually decides that it wishes to allege that the '446 and/or '438 patent is invalid and/or unenforceable, it must move to amend its answer at that time." (See id. at 6.) With respect to the defense of unclean hands, the Court held that, absent leave of court, a previously unasserted defense may be alleged in an answer to an amended complaint only when the amended complaint changes the theory or scope of the case and the newly asserted defense responds to the changes in the amended complaint. (See id. at 4.) Because the issue of IBM's ownership of the patents was raised in Magma's Amended Answer to Synopsys's initial complaint, the Court found Magma's unclean hands defense could not be said to have been added to Magma's TAC Answer in response to amendments made to later complaints. (See id. at 6.)

      Thereafter, Magma filed a motion for leave to file a motion for reconsideration of the dismissal of Magma's inequitable conduct and unclean hands affirmative defenses, and argued that Synopsys had "recently provided critical deposition testimony and documents that justify Magma's request for leave to amend its answer to assert these defenses." (See Motion for Leave to File Motion for Reconsideration at 1.) The Court granted Magma leave to file a motion for reconsideration, but ordered Magma to address in "[a]ny such

motion . . . why Magma contends Synopsys owed a duty of disclosure to the PTO in connection with the prosecution of the '446 and '438 patents despite Synopsys's lack of involvement in the prosecution of those patents." (See Order Granting Magma's Motion For Leave to File Motion for Reconsideration, filed Nov. 21, 2005, at 2.)

In the instant motion, Magma has abandoned its initial request to reinstate the inequitable conduct defense and seeks leave only to amend its answer to assert a defense based on a theory of unclean hands.

## LEGAL STANDARDS

### A. Reconsideration

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law." School District No. 1J, Mulnomah County, Oregon v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); see also Civil L.R. 7-9(b) (providing moving party must show (1) "material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought" and moving party "in the exercise of reasonable diligence . . . did not know such fact or law at the time of the interlocutory order"; (2) "emergence of new material facts or a change of law occurring after the time of such order"; or (3) "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order").

### B. Leave to Amend

Generally, Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings, including answers. Rule 15(a) provides that the party seeking amendment "may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." See Fed. R. Civ. P. 15(a).

Where, however, the Court has issued a scheduling order establishing a deadline for amendments to the pleadings, and a party seeks leave to file an amended pleading after such deadline has passed, the "more stringent" standards of Rule 16(b), not those of Rule

4

15(a), apply.  See AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 953 (9th Cir. 2006); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Under Rule 16(b), "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge."  See Fed. R. Civ. P. 16(b).

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  See Johnson, 975 F.2d at 609.  "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension."  See id. (internal quotation and citation omitted).

### C. Unclean Hands

The doctrine of unclean hands bars a plaintiff from seeking equitable relief "only where some unconscionable act of [the plaintiff] has immediate and necessary relation to the equity that he seeks in respect of the matter in litigation."  See Keystone Driller Co. v. General Excavator Co., 290 U.S. 240, 245 (1933).  Courts "do not close their doors because of [a] plaintiff's misconduct, whatever its character, that has no relation to anything involved in the suit, but only for such violations of conscience as in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication."  See id. (holding unclean hands doctrine barred patent action for injunctive relief where plaintiff bribed third party to suppress evidence of possible use of invention prior to filing of plaintiff's application for patent on same invention).  "The unclean hands doctrine closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant."  Adler v. Federal Republic of Nigeria, 219 F.3d 869, 877 (9th Cir. 2000). (internal quotation and citation omitted).

### DISCUSSION

Magma seeks leave to amend its answer to include the following affirmative defense:

5

> Because all of Synopsys's claims are based, in whole or in part, on Synopsys's claims of ownership of the inventions claimed in the '446, '438, and '114 Patents, Synopsys's improper conduct bars all of Synopsys's claims, and any relief therefor, under the doctrine of unclean hands. To the extent Synopsys has any cognizable ownership interest in the '446, '438, and/or '114 Patents, Synopsys has engaged in conduct, in the U.S. Patent and Trademark Office and before this Court, intentionally designed to deny IBM its ownership rights in the '446, '438, and/or '114 Patents. In addition, Synopsys has engaged and continues to engage in conduct, in the U.S. Patent and Trademark Office and before this Court, designed to conceal that the '446, '438, and/or '114 Patents are invalid.

(See Motion Ex. A (Proposed Answer) ¶ 171.) Magma contends that new evidence, obtained after the amendment deadline, provides good cause for the Court to grant Magma leave to amend its answer to include the above-referenced unclean hands defense. In particular, Magma contends, new evidence "demonstrate[s] that Synopsys concealed IBM's inventorship and ownership interest in the patents from IBM, the PTO, and this Court," (see Motion at 7:20-22), and that Synopsys also concealed evidence of an offer by Synopsys to license Synzilla to a customer in late 1996, which, according to Magma, "demonstrate[s] the invalidity of the patents under the on-sale bar of 35 U.S.C. § 102(b)," (see id. at 10:3-6). The Court addresses below each of Magma's arguments in support of amendment.

### A. Synopsys's Asserted Concealment From IBM of IBM's Ownership Interest in Subject Patents

Magma contends that depositions of Synopsys personnel in October 2005, as well as Synopsys's production of an electronic copy of certain software code, demonstrate that IBM and Synopsys were co-owners of the subject patents as a result of work performed by IBM's employee, Prabhakar Kudva, and Synopsys's employee, Lukas van Ginneken, and that Synopsys abandoned the drafting of patents with respect to the inventions set forth in the subject patents because of concerns that IBM would be a co-owner thereof. Magma further contends, without elaboration, that Synopsys "concealed IBM's inventorship and ownership . . . from IBM." (See Motion at 8:6-7.)

At the outset, the Court questions, as a factual matter, how Synopsys can conceal IBM's own acts from IBM; Magma does not set forth in its motion the details of Synopsys's purported concealment. More importantly, however, Magma cannot contend it was

unaware, prior to the amendment deadline, that IBM might be an owner of the subject patents or that Synopsys may have taken steps to deny IBM its ownership rights in said patents. In particular, Magma expressly asserted in its Amended Answer, filed prior to amendment deadline, that IBM was an owner of the subject patents. (See Amended Answer ¶¶ 108, 110 and Third, Seventh, and Tenth Counterclaims.) Magma further alleged therein that when Synopsys filed a patent application in 1997, "[n]o IBM engineer was named on the patent application, despite the fact that one or more IBM engineers also contributed in a significant way to the subject matter of one or more of the patent claims." (See id. ¶ 73.)

Accordingly, the Court finds Magma has not set forth good cause for failing to include an unclean hands defense, to the extent such defense is based on Synopsys's asserted concealment from IBM of IBM's ownership rights in the subject patents, and, consequently, Magma's motion for leave to assert such defense will be DENIED.

### B. Synopsys's Asserted Concealment From PTO of IBM's Ownership Interest in Patents

Magma's contention that Synopsys concealed IBM's ownership interest in the subject patents from the PTO is based entirely on Synopsys's filing of documents with the PTO on January 28, 2005 and March 4, 2005, prior to the amendment deadline. (See Catalano Decl. Exs. 1, 2, 22, 23.) Magma submits no evidence indicating it was unaware of such documents prior to the amendment deadline.

Accordingly, Magma has not demonstrated that such filings are new evidence constituting good cause for an order granting Magma leave to amend the answer after the amendment deadline, and Magma's motion for leave to assert a defense of unclean hands based on such filings will be DENIED.

### C. Synopsys's Asserted Concealment From Court of IBM's Ownership Interest in Patents

Magma's contention that Synopsys concealed IBM's ownership interest in the subject patents from the Court, although not set forth in detail, appears to be based on Synopsys's withholding of documents during discovery, which resulted in Magma's filing a

7

motion to compel, and Magistrate Judge Spero's issuance of an order granting that motion. (See Motion at 6:15-26.) Courts have repeatedly held, however, that a defense of unclean hands may not be based on discovery misconduct. See, e.g., Ellison Educational Equipment, Inc. v. Chen, 2004 WL 3154592 at *20 (C.D. Cal. 2004) ("To the extent Quickutz's unclean hands are caused by alleged discovery abuses, . . . the proper remedy is a motion to compel or a motion for sanctions"); X-It Products, L.L.C. v. Walter Kidde Portable Equipment, Inc., 155 F. Supp. 2d 577 (E.D. Va. 2001) (striking unclean hands defense to the extent based on litigation misconduct; holding "appropriate remedy is . . . a motion to compel and/or a motion for sanctions").

Accordingly, Magma's motion for leave to plead a defense of unclean hands based on asserted misconduct by Synopsys during the course of discovery will be DENIED.

**D.     Synopsys's Asserted Concealment of Evidence Relating to On-Sale Bar**

Magma's final argument is that Synopsys improperly concealed from Magma evidence that Synopsys offered to license Synzilla to a customer in late 1996, more than one year prior to the filing date of the provisional patent application that ultimately resulted in the issuance of the '446 and '438 patents. According to Magma, although Synopsys represented to Magma in February 2005 that it possessed no documents relating to the "on-sale bar," documents and depositions provided in September and October 2005 demonstrate "the invalidity of the patents under the on-sale bar of 35 U.S.C. § 102(b)." (See Motion at 10:3-6, 14:12:17.)[1]

Pursuant to the on-sale bar, a patent may not be issued if "the invention was . . . on sale in this country, more than one year prior to the date of the application for patent in the United States." See 35 U.S.C. § 102(b). Where a patent has been issued and it is later determined that the on-sale bar applies, the patent is invalid. See Pfaff v. Wells Electronics, Inc., 525 U.S. 55, 68-69 (1998).

This Court has held, in an order issued contemporaneously with the instant order,

---

[1] To the extent Magma is again attempting to assert a defense of unclean hands based on discovery misconduct, such defense fails, as discussed above.

8

the Magma is barred, under the doctrine of assignor estoppel, from challenging the validity of the subject patents.  (See Order Denying Magma Design Automation, Inc.'s Motion for Leave to Amend Answer to Plaintiff Synopsys, Inc.'s Third Amended Complaint at 7.)  The Court agrees with Synopsys that Magma cannot "conduct an 'end-run' around assignor estoppel by disguising its invalidity arguments as an 'unclean hands' defense."  (See Opp. at 2:15-17.)  In an analogous case, the Federal Circuit rejected the argument that the doctrine of assignor estoppel bars challenges to patent invalidity but does not bar the assertion of an inequitable conduct defense, noting that if the court held otherwise, assignor estoppel "could be avoided by merely couching invalidity defenses in terms of inequitable conduct."  See Shamrock Technologies, Inc., v. Medical Sterilization, Inc., 903 F.2d 789, 794-95 (Fed. Cir. 1990).  The Court finds such reasoning equally applicable to the assertion of an unclean hands defense based on concealment of facts demonstrating invalidity.  See Hexcel Corp. v. Advanced Textiles, Inc., 716 F. Supp. 974, 977 (W.D. Tex. 1989) (holding "a party precluded from asserting patent invalidity based on assignor estoppel may not use . . . allegations [of unclean hands] to escape the purview of the doctrine").

Accordingly, Magma's motion for leave to assert a defense of unclean hands based on newly discovered evidence relating to applicability of the on-sale bar will be DENIED.

## CONCLUSION

For the reasons set forth above, Magma's motion for reconsideration and for leave to amend its answer to assert an affirmative defense based on the theory of unclean hands is hereby DENIED.

This order terminates Docket No. 840.

**IT IS SO ORDERED.**

Dated: February 6, 2007

MAXINE M. CHESNEY
United States District Judge