Martin Quinn
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone: (415) 982-5267
Fax: (415) 982-5287

Special Master



FILED
MAR 21 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC, <br><br> Plaintiff, <br><br> vs. <br><br> MAGMA DESIGN AUTOMATION, et al., <br><br> Defendants. | Case No. C-04-03923 MMC <br> JAMS Reference No. 1100046650 <br><br> **SPECIAL MASTER'S ORDER NO. 4: SYNOPSYS'S MOTION TO COMPEL COMPLIANCE WITH ORDER NOS. 1 AND 3, AND TO COMPEL PRODUCTION OF DOCUMENTS (Hrg. 3/4/07)** |

Synopsys's motion to compel Magma to comply with Special Master's Order Nos. 1 and 3, and to produce documents relating to willfulness, was heard by Special Master Martin Quinn at JAMS San Francisco on March 2, 2007. Counsel for both parties participated and presented argument. Having reviewed and considered the written and oral arguments presented, the Special Master now makes the following order.

### RELEVANT FACTS

1. <u>Chronology</u>  Magma waived its attorney-client privilege and work product protection with respect to certain legal work performed on its behalf by the law firms of Orrick Herrington & Sutcliffe (a due diligence investigation to determine whether Magma's source code improperly

incorporated the intellectual property of any third party) and Pillsbury Winthrop (the prosecution of Patent Nos. 446 and 438). On March 15, 2006, the Court entered Special Master's Order No. 1 that required Magma, pursuant to its waiver, to produce various documents (Catalano decl., Exh. 1) On August 29, 2006, the Court entered Special Master's Order No. 3 that permitted Magma to defer production of documents pursuant to Order No. 1 until after the Court had entered its decision on the Ownership Trial. (Catalano decl, Exh. 9) On January 31, 2007, the Court entered its Memorandum of Decision in the Ownership Trial. (Catalano decl, Exh. 5) Magma is now obligated to produce documents called for by Order No. 1. The parties disagree as to the extent of documents that Order Nos. 1 and 3 require Magma to now produce.

2. <u>Order No. 1</u> Order No. 1 required Magma to produce (a) all documents relating to Orrick's due diligence assignment, (b) all documents relating to Pillsbury's prosecution of Patent Nos. 446 and 438, (c) all documents from Magma and the law firms of Fish & Richardson and Howard, Rice, et. al. relating to (1) whether the developers of Magma's source code brought confidential information from Synopsys or any third party, (2) whether the source code was developed independently at Magma without the use of any third party's intellectual property, and (3) the prosecution of the 446 and 438 patents up to their original issue dates.

3. <u>Synopsys's Contentions</u> Synopsys argues that the purpose and reasoning of Order No. 1 should require Magma to produce a considerably broader spectrum of documents than the specific language of Order No. 1 required. Synopsys seeks five categories of documents: <u>all</u> documents relating to Fish & Richardson's work on this case[1]; infringement by Synopsys of the 436 and 448 Patents; Lucas van Ginneken; the 446 and 438 Patents; and continuation and foreign versions of the 438 and 446 Patents that are otherwise covered by Order No. 1. Synopsys also demands that Magma identify documents on its redaction log that are covered by Order No. 1, and to produce documents on Dr. van Ginneken's privilege log. Synopsys basically argues that the purpose of Order No. 1 was to provide Synopsys with documents that would enable it to ascertain Magma's state of mind with respect to the development of its source code, and to rebut

---

[1] Fish & Richardson preceded O'Melveny as Magma's litigation counsel in this case.

1  Magma's argument that it acted innocently in developing its source code although it now admits
2  that Dr. van Ginneken misused confidential information obtained from Synopsys. Synopsys
3  contends that all the documents it now seeks must be relevant to Magma's state of mind as to its
4  source code, even if they are silent as to the specific topics covered by Order No. 1. Synopsys
5  argues that Magma has unreasonably limited its search for and production of relevant documents
6  covered by Order No. 1.

7  4. Magma's Contentions  Magma argues first that the Special Master should defer ruling
8  on this motion. The Court has granted Magma leave to move for reconsideration of the Court's
9  March 30, 2006 Order re Standing. (Catalano decl, Exh. 5 & 6). Hearing is set for March 23,
10 2007. Magma contends that, if the Court now finds that Synopsys lacks standing to sue for
11 patent infringement, all the documents covered by Order No. 1 will be irrelevant. Particularly
12 since this dispute involves production of privileged documents, Magma asks the Special Master
13 either to not rule on this motion, or to defer execution of it, until the Court has ruled on the
14 reconsideration motion. Synopsys responds that, even if the Court strikes the patent claims, the
15 documents at issue are still relevant to its state law claims against Magma.

16 On the merits Magma contends that it has fairly and thoroughly reviewed documents
17 under its control and has advised Synopsys of all the documents covered by Order No. 1. As to
18 the documents on the van Ginneken privilege log, Magma notes that neither side possesses them,
19 that it has asked van Ginneken's counsel to produce them, and that it will produce his documents
20 covered by Order No. 1 if and when it obtains them.

21                                         ANALYSIS
22      A.      Jurisdiction and Timing Issues
23 Magma argues that, for the reasons advanced previously and in its reconsideration
24 motion, the Court lacks jurisdiction of the patent infringement claims. Therefore, the Court
25 should not require the production of privileged documents that are relevant only to the patent

claim. The issue is whether the documents covered by Order No. 1 are relevant only to the patent issue or, as argued by Synopsys, also to the surviving state law claims.[2]

The Special Master concludes that, for discovery purposes, the so-called "willfulness" documents covered by Order No. 1 are relevant to the state law claims. In addition to its patent infringement claim, Synopsys seeks damages from Magma for interference with contract, fraud, unfair competition, conversion and unjust enrichment. All the claims except unjust enrichment also include allegations that Magma conspired with others to commit the offenses, and seek punitive damages. At least the interference, fraud and unfair competition claims require proof of Magma's mental state, as do the conspiracy and punitive damage allegations. Therefore, documents that relate to whether Magma willfully or innocently permitted Dr. van Ginneken to use confidential information from Synopsys to develop Magma's source code would be relevant to these state law claims.

Accordingly, the Special Master concludes that the Court does not lack jurisdiction to issue this order. However, the Special Master will delay the effectiveness of this order until the Court provides guidance to the Special Master as to how the case will proceed as to the state law claims.

B.  Fish & Richardson Documents

Synopsys asserts that Fish & Richardson represented Magma for only weeks or a couple of months following the filing of this action. This was the period during which Magma was issuing press releases denying any wrongdoing by van Ginneken, and conducting an internal investigation of Synopsys's allegations. Therefore, Synopsys argues, everything the firm did must fall within one of the categories of documents that Order No. 1 requires Magma to produce.

Magma responds that Synopsys reads Order No. 1 too broadly, that Fish & Richardson documents relating to the lawsuit need not be produced because they relate to enforcement of the 438 and 446 Patents, that attorney work product that was not communicated to the client need

---

[2] Magma has moved also for dismissal of the state law claims, but the Court has not yet ruled on its motion.

SPECIAL MASTER'S ORDER NO. 4

4

not be produced[3], and that production from Fish & Richardson should be limited because it served as litigation counsel.

The Special Master concludes that both parties have spun Order No. 1 in unwarranted ways. First, Order No. 1 stands as written – Magma need produce only those Fish & Richardson documents falling within the categories set forth in paragraphs 1-3 at the end of the order. Second, Magma must produce Fish & Richardson documents that fall within the categories set forth in paragraphs 1 and 2 of the Order, as well as those in paragraph 3. So if any Fish & Richardson document directly relates to the Orrick due diligence assignment, or the initial prosecution of the 438 and 446 Patents, it must be produced. Third, the mere fact that a document relates to defense of the patent infringement claims does not exclude it from production as an "enforcement" document. Fourth, Magma need not produce uncommunicated Fish & Richardson work product, <u>unless</u> it reflects communications from Magma relevant to one of the categories in paragraphs 1-3 of Order No. 1 (for example, an internal e-mail that says, "Mr. X at Magma told me that he always knew that van Ginneken had stolen secrets…").

C.   Documents Relating to the 438/446 Patents

Synopsys asks for all documents relating to the two Patents, to their infringement, and to foreign counterparts and continuations. Magma objects that Synopsys again gives Order No. 1 a far broader reading than was intended. Generally speaking, Magma is right.

The Special Master concludes that Magma must produce material regarding the two Patents only if it (a) relates to their original prosecution, or (b) falls within one of the categories set forth in paragraphs 1-3 of Order No. 1. If a document contains material covered by Order No. 1 but also, for example, contains material relating to a foreign counterpart of Patent No. 438 or the enforcement of Patent No. 446, Magma could redact the foreign counterpart or enforcement information but could not withhold the document.

//

//

---

[3] <u>In re Echostar Comm. Corp.</u>, 448 F. 3d 1294, 1303 (Fed. Cir. 2006)

D.  Documents re van Ginneken

It is unclear whether Synopsys is again reading Order No. 1 in an overly broad way in seeking all van Ginneken-related documents. However, the Special Master again concludes that Order No. 1 meant what it said: Magma needs to produce van Ginneken- related documents only if they fall within one of the categories set out in paragraphs 1-3 of Order No. 1.

E.  Redaction Log and van Ginneken-logged Documents

Magma agrees to provide what Synopsys wants: a table identifying documents on its redaction log that it will produce. Magma asserts that it is trying to obtain documents on van Ginneken's privilege log from his counsel. If and when it does, Magma will be required to produce all such documents that fall within the categories set forth in paragraphs 1-3 of Order No. 1.

F.  In Camera Inspection

Synopsys seeks an *in camera* inspection of the disputed documents – those on Magma's privilege log that Synopsys has questioned, and which Magma determines it need not produce in response to Order No. 1 and this Order. Primarily to provide the parties with assurance that a neutral third party has reviewed the selection made by Magma's counsel and to put this long-lived dispute to rest, the Special Master will conduct the requested *in camera* review.

ORDER

Accordingly, good cause appearing, IT IS ORDERED that the motion by Synopsys is GRANTED to the following extent:

1.  The Court has jurisdiction to issue this Order.

2.  Magma shall produce Fish & Richardson documents as directed by Order No. 1, as clarified in paragraph B above.

3.  Magma need not produce documents relating to the 438/446 Patents, their infringement or continuations and foreign counterparts, or documents relating to van Ginneken, unless the documents also relate to one of the categories set forth in paragraphs 1-3 of Order No. 1.

6

SPECIAL MASTER'S ORDER NO. 4

4. Magma shall provide Synopsys within 10 days of the issuance of this Order with a log of documents from its redaction log that it will produce pursuant to Order No 1 and this Order.

5. Magma shall produce, within 10 days of receiving them, all documents listed on van Ginneken's privilege log that it obtains from van Ginneken's counsel that relate to one of the categories set forth in paragraphs 1-3 of Order No. 1.

6. On or before April 2, 2007, Magma shall deliver to the Special Master a copy of all documents it has determined it need not produce, which Synopsys has asserted should be produced or questioned whether they should be produced. The Special Master may meet *in camera* with Magma's counsel to assist him in determining whether any such documents should be produced.

7. Magma may defer producing any documents pursuant to Order No. 1 or this Order until the Special Master has conferred with the Court as to its handling of the state law claims. The Special Master would expect to issue a further ruling as to this issue by March 30, 2007.

Dated: March 19, 2007

Martin Quinn, Special Master

SPECIAL MASTER'S ORDER NO. 4

7

## *PROOF OF SERVICE BY MAIL*

I, Claire Vranicar, not a party to the within action, hereby declare that on March 19, 2007 I served the attached Special Master's Order No. 4 on the parties in the within action by depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, at San Francisco, California, addressed as follows:

Chris Scott Graham Esq.
Dechert LLP
1117 California Ave.
Palo Alto, CA 94304-1106  USA

George A. Riley Esq.
O'Melveny & Myers LLP
275 Battery St.
Suite 2500
San Francisco, CA 94111-3305

Joseph Spero
U.S. District Court
Northern District
450 Golden Gate Avenue
San Francisco, CA 94102-3483

Luann L. Simmons Esq.
O'Melveny & Myers LLP
275 Battery St.
Suite 2500
San Francisco, CA 94111

Mark E. Miller Esq.
O'Melveny & Myers LLP
275 Battery St.
Suite 2500
San Francisco, CA 94111

Michael Edelman Esq.
Paul, Hastings, Janofsky & Walker LLP
55 Second St.
24th Floor
San Francisco, CA 94105  USA

Christopher D. Catalano Esq.
O'Melveny & Myers LLP
275 Battery St.
Suite 2500
San Francisco, CA 94111

Maxine Chesney
United States District Court
Northern District of California
450 Golden Gate Ave, 16th Floor, Rm.1111
San Francisco, CA 94102  USA

Nora M. Puckett
O'Melveny & Myers LLP
275 Battery St.
Suite 2500
San Francisco, CA 94111

I declare under penalty of perjury the foregoing to be true and correct. Executed at San Francisco, CALIFORNIA on March 19, 2007.

Signature